## TAYLOR v. BARKER, District Judge.

No. 4554.  Decided October 6, 1927.  (262 P. 266.)

*Pratt & Pratt,* of Ogden, for Plaintiff.

*Clark, Richards & Bowen,* of Salt Lake City, for defendant.

HANSEN, J.

In this proceeding, H. L. Taylor seeks a writ of mandate directing the district court of Weber county, Utah, and Hon. George S. Barker, one of the judges thereof, to try

an action pending in said court wherein H. L. Taylor is plaintiff and Ezra Waddoups is defendant. Upon the application of H. L. Taylor this court issued an alternative writ of mandate, directing Hon. George S. Barker, as district judge of Weber county, Utah, and said district court, to try the case above mentioned or show cause before this court why the same has not been tried. Hon. George S. Barker made return to the alternative writ of mandate so issued and served upon him. The allegations contained in the application of H. L. Taylor and the return of Hon. George S. Barker aforesaid are agreed upon the facts necessary to the determination of this proceeding.

On or about April 19, 1925, H. L. Taylor and Ezra Waddoups were each driving an automobile in Ogden City, Utah, and while being so driven the automobiles collided. Grace A. Moss was riding in the automobile driven by Waddoups. On August 5, 1925, she brought an action against Taylor in the district court of Weber county. Her complaint sets out two causes of action, both growing out of the collision between the Taylor and Waddoups automobiles. The first cause of action is for damage done to the automobile owned and operated by Waddoups. It is alleged in the complaint that Waddoups, prior to the commencement of the action, assigned to plaintiff his claim for damages done to his automobile. The second cause of action is for alleged personal injuries to plaintiff received in the collision. In each cause of action is is alleged that the injury was caused by the negligent manner in which Taylor was operating his automobile at the time of the collision. On September 17, 1925, the defendant Taylor filed his answer to the complaint of Grace A. Moss, in which answer he denied that he was negligent in the operation of his automobile, and alleged that the injury, if any, to the Waddoups automobile and to Grace A. Moss, the plaintiff, was caused by the negligent manner in which Waddoups was driving his automobile at the time of the collision.

On July 14, 1926, H. L. Taylor brought an action against Ezra Waddoups in the city court of Ogden City, Utah. This action grows out of the same collision as that forming the basis for the action of Grace A. Moss against H. L. Taylor above mentioned. The complaint in the city court action alleges that the plaintiff was the owner of the automobile driven by him and that it was damaged by the careless and negligent manner in which the defendant Ezra Waddoups drove his automobile at the time of the collision. Ezra Waddoups filed his answer in the city court, denying negligence on his part, and alleged that the injury, if any, to the Taylor automobile, was caused by the careless and negligent manner in which Taylor operated his automobile at the time of the collision. The case of *Taylor* v. *Waddoups*, pending in the city court, was tried on September 29, 1926, and on November 9, 1926, judgment was rendered in favor of Taylor and against Waddoups for the injury done to the Taylor car in the collision. On November 23, 1926, Waddoups appealed from the judgment rendered against him in the city court to the district court of Weber county. After Taylor secured his judgment in the city court, and after the appeal had been taken, Taylor asked leave to file a supplemental answer in the case of *Moss* v. *Taylor,* pending in the district court of Weber county. The request was granted, and a supplemental answer was filed, in which the judgment secured in the city court of Ogden City in favor of Taylor and against Waddoups is set out. It is also alleged that the same issues were involved in the action in the city court as are involved in the action of *Moss* v. *Taylor* pending in the district court; that in the city court it was adjudged and determined that the negligence of Ezra Waddoups was the sole proximate cause of the collision; that Ezra Waddoups did not set up any counterclaim in the city court action, and therefore Grace A. Moss cannot maintain her first cause of action; that is, the claim alleged to have been assigned to her by Waddoups for the alleged injury to the Waddoups automobile. The case of *Moss* v. *Taylor* was tried before Hon.

George S. Barker as judge, with a jury, resulting in a verdict in favor of Grace A. Moss against H. L. Taylor on both causes of action.

The record before us shows that H. L. Taylor requested the court to instruct the jury that the plaintiff could not recover for any injury to the Waddoups automobile, but the court refused to give the requested instruction. Soon after judgment was entered on the verdict in *Moss* v. *Taylor,* Waddoups asked leave to file a supplemental answer in the case appealed from the city court, in which H. L. Taylor was plaintiff and Ezra Waddoups was defendant. Leave was granted to file a supplemental answer, and the same was duly filed. The supplemental answer alleges that in the action of *Moss* v. *Taylor* a judgment was rendered in favor of Grace A. Moss and against H. L. Taylor; that said judgment has not been reversed or set aside; that the time for appeal therefrom has not yet expired; that the facts forming the basis of the first cause of action in the case of *Moss* v. *Taylor* are the same as the facts forming the basis of the action of *Taylor* v. *Waddoups;* that in the case of *Moss* v. *Taylor* the jury necessarily found that Ezra Waddoups, assignor of Grace A. Moss, was not guilty of negligence in causing the collision between the Waddoups and Taylor cars on the occasion in question, and that such collision was proximately and solely caused by the negligence of Taylor. Ezra Waddoups prayed judgment in his supplemental answer that all further proceedings in the case of *Taylor* v. *Waddoups* be stayed and abated during the pendency of the action in which Grace A. Moss was plaintiff and H. L. Taylor was defendant.

After notice to counsel for H. L. Taylor, and after hearing arguments of counsel for Waddoups and Taylor, an order was entered by Hon. George S. Barker, vacating the setting theretofore made of the case of *Taylor* v. *Waddoups,* and directed that all further proceedings be stayed and abated in the case of *Taylor* v. *Waddoups* during the

pendency of the action in which Grace A. Moss was plaintiff and H. L. Taylor was defendant. It is because of this order that H. L. Taylor is here seeking a writ of mandate directing Hon. George S. Barker, as judge of the district court of Weber county, Utah, and the district court of Weber county, to proceed with the trial of the case of *Taylor* v. *Waddoups* pending therein upon appeal from the city court of Ogden.

The sole question to be determined, therefore, is whether or not Ezra Waddoups is relieved of liability to answer to the claim made by H. L. Taylor for the alleged injury to the Taylor automobile because of the judgment secured by Grace A. Moss against Taylor. The law is well settled that as a general rule a judgment is effective only between the parties to the action and their privies, and that no rights whatever, either in favor or against strangers to the judgment, are acquired, lost, or affected by reason of the judgment. 1 Freeman on Judgments (5th Ed.) § 407, p. 887. In a footnote the text is supported by a collection of numerous cases from various jurisdictions.

In the instant case Ezra Waddoups was not a nominal party to the action of *Moss* v. *Taylor*. Neither is it claimed that Waddoups was a party to that action, in the legal sense that he had the right to control the proceedings therein or to produce or cross-examine witnesses, nor to appeal from the judgment in the event that the same had been adverse to his assignee. Nor is it made to appear that Waddoups had any monetary interest in the result of the trial of that case. It is also clear that Waddoups was not in privity with Grace A. Moss. "The term 'privity' denotes mutual or successive relationship to the same rights or property," says the author on Freeman on Judgments, quoting Greenleaf, Ev. § 189. 1 Freeman on Judgments (5th Ed.) § 438, p. 960, and cases there cited. An assignor, as such, of course, is not in privity with his as-

signee, and a judgment against an assignee, whether before or after the transfer, does not estop an assignor on the mere ground of privity. 1 Freeman on Judgments (5th Ed.) § 446, p. 969, and cases there cited.

If Ezra Waddoups could not have been bound by an adverse judgment against Grace A. Moss, neither may he claim any of the benefits of a judgment in her ■ favor. As stated by the Supreme Court of the United States in the case of *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111, at page 127, 32 S. Ct. 641, 642 (56 L. Ed. 1009, Ann. Cas. 1913E, 875) :

"It is a principle of general elementary law that the estoppel of a judgment must be mutual."

In 1 Freeman on Judgments (5th Ed.) § 428, p. 929, the rule as to mutuality of judgments is thus stated:

"No party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party now seeking to secure the benefit of the former adjudication would have been prejudiced by it, if it had been determined the other way. And conversely, if the judgment binds one party, it binds the other."

In a footnote to the text last quoted are collated numerous cases which support the general rule. There are some exceptions to this rule of mutuality, such as where the relation between two defendants in two separate actions has been that of principal and agent. *Portland Gold Min. Co.* v. *Stratton's Independence* (C. C. A.) 158 F. 63, 16 L. R. A. (N. S.) 677, and cases there cited. Exceptions to the general rule have also been applied where the relations of the parties sought to be bound by the judgments were that of master and servant, indemnitor and indemnitee, and lessor and lessee. 1 Freeman on Judgments, § 451, p. 994, and cases there cited.

It is obvious that the relation between Waddoups and Grace A. Moss in the instant case does not bring Waddoups within any of those exceptions to the general rule. Cases that affirm exceptions to the general rule that estoppel of a judgment must be mutual are for the most part actions wherein the plaintiffs have elected to prosecute their actions against either the principal or agent, or the master or servant, or the indemnitor or indemnitee, or the lessor or lessee, and, having failed in the first action, seek to recover upon the same facts in another action against the one not a party to the first action.

In this case H. L. Taylor has made but one election, the same being his action against Waddoups. He was, of course, compelled to plead his defense in the action brought by Grace A. Moss or suffer judgment to be rendered against him. A judgment by default would have had the same effect as a judgment after trial. The writer has made a somewhat extended search to find authorities in support of the contention that Waddoups may plead the Moss judgment against Taylor as a defense to the action of *Taylor* v. *Waddoups*, but has been unable to find any such authority, and the citations of counsel for respondent do not support such contentions.

The reasons that form the basis of the general rule as to mutuality of judgments are especially applicable to the facts in this proceeding, in that Waddoups should not escape the Taylor claim against him by the assignment of his claim against Taylor. If Waddoups may plead the Moss judgment against Taylor as a defense in the *Taylor* v. *Waddoups* action, then Waddoups has two opportnuities to defeat Taylor's claim, one in *Moss* v. *Taylor*, in which Waddoups could not possibly be prejudiced, and one in *Taylor* v. *Waddoups*. Taylor, on the other hand, would have but one opportunity of establishing his claim against Waddoups, and two risks of losing. In such case Waddoups would secure a distinct advantage by the assignment of his claim against Taylor,

and Taylor would suffer a similar disadvantage, without any choice on his part. We are therefore of the opinion that Waddoups did not and could not escape the responsibility of defending Taylor's action against him by assigning his claim, and that the rule as to mutuality does not permit Waddoups to plead or prove the Moss judgment in defense of the action brought against him by Taylor.

It is also contended on behalf of respondent that Taylor could have filed a cross-complaint against Waddoups in the case of *Moss* v. *Taylor*, and that, having failed so to do, he is now estopped from prosecuting the action against Waddoups. Conceding that such a remedy was open to Taylor, yet if Waddoups, for the reasons herein stated may not take any advantage of the Moss judgment, it is difficult to see upon what theory Waddoups can be permitted to claim any rights on account of the procedure followed in securing such judgment. Waddoups, being a stranger to the action, is a stranger for all purposes.

It is further contended by respondent that a writ of mandate will not issue to direct the procedure nor fix the time for trial of a case in the trial court. As a general rule, we are entirely in accord with this contention. In the instant case, however, the proceedings in *Taylor* v. *Waddoups* were stayed and abated during the pendency of the action of *Moss* v. *Taylor*. The reason for the stay and abatement, as we understand respondent's position, is that the final determination of the Moss case will settle the case of *Taylor* v. *Waddoups*. In reaching such conclusion, as above stated, we are of the opinion that the learned trial court was in error, and that it was his duty to try the *Taylor* v. *Waddoups* case without regard to the case of *Moss* v. *Taylor*.

It is therefore ordered that the alternative writ of mandate heretofore issued herein be, and the same is hereby, made permanent; that the district court of Weber county proceed to try the *Taylor* v. *Waddoups* case, now pending

in said court, regardless of the judgment rendered in *Moss* v. *Taylor*. Neither party will be allowed costs in this proceeding.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.