

**IST OK CORPORATION, a Utah Corporation, Plaintiff and Appellant,**

v.

**Morris H. CURTIS et al., Defendants and Respondents.**

**No. 14334.**

Supreme Court of Utah.

May 17, 1976.

John H. Allen, of Callister, Greene & Nebeker, Salt Lake City, for plaintiff and appellant.

Tex R. Olsen, of Olsen & Chamberlain, Richfield, Richard A. Rappaport of Cohne, Rappaport & Segal, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

The appellant, 1st OK Corporation, brought this suit to enforce the terms of a real estate contract. The respondents, Curtis, counterclaimed asking for rescission because of fraud practiced upon them by the appellant. The Utah Abstract Company agreed to abide the order of the court and no affirmative relief was asked against it. The matter was tried to a jury which

gave a general verdict and answered special interrogatories all in favor of the respondent.

The plaintiff appealed and makes a claim of two errors committed by the trial court, viz.:

(a) The court instructed on the issue of confidential relationship between the parties although the issue was first raised on the day of trial.

(b) The elements of actionable fraud were not proved.

■■■ There is no merit to the first claim set out above. The issue was set out pursuant to a pretrial order signed July 14, 1975, the day of trial, but made at a conference held June 18, 1975. Furthermore, the allowing of amendments are matters within the sound discretion of the trial judge.[1]

In the instant matter the appellant did not request additional time to meet the issue raised by the amendment. In fact, the issue of confidential relationship was injected into the case by the allegations of the counterclaim in the following language:

> Orlando Fiandoca, president of 1st OK Corporation, informed the defendants that they should not go to an attorney, that attorneys were expensive and the defendants would be properly secured by the contract which was drafted in accordance with his [Fiandoca's] instructions. . . . Orlando Fiandoca, president of plaintiff corporation, did represent to these defendants that he was an expert in developing commercial property and that he would effectively negotiate with the state of Utah, and all

other interested persons to make certain that adjoining property retained by these defendants would be substantially increased in value; that he would see that the State of Utah granted suitable access rights to a proposed interstate highway so that defendants' adjoining properties could be developed for commercial purposes. . . . That plaintiff through its president did further represent that it would reserve adequate easements and access rights to and from the interstate highway for the benefit of defendants' adjacent property.

■■■ The advantage of showing confidential relationship lies in changing the burden of proof on the issue of fraud. The evidence was such that the court could have found fraud even if the burden of proving it was upon the respondents.

■■■ This is a case in equity and so the jury was only advisory. The court made its findings and under Article VIII, Section 9, of the Utah Constitution this court on appeal can review both the law and the facts.

Without detailing the elements of misrepresentation and fraud which the president of the plaintiff corporation perpetrated upon the defendants we hold that the court below was amply justified in ruling as it did.

The judgment is therefore affirmed. The respondent is awarded costs.

HENRIOD, C. J., and CROCKETT and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

1. 71 C.J.S. Pleading §§ 281, 282.