**William J. COLMAN, Plaintiff,**

v.

**A. J. BUTKOVICH and Geneva A. Butkovich, husband and wife, et al., Defendants and Respondents,**

v.

**SUMMIT COUNTY and Park City, a Municipal Corporation, Third-Party Defendants and Appellant.**

**No. 14505.**

Supreme Court of Utah.

Nov. 8, 1976.

---

Robert W. Adkins, Summit County Atty., Coalville, for appellant.

Harry D. Pugsley, Ned Warnock, Salt Lake City, for plaintiff.

Ralph J. Marsh, of Backman, Clark & Marsh, Salt Lake City, for respondents.

CROCKETT, Justice:

Plaintiff, William J. Colman, originally brought this suit against defendants, A. J. and Geneva Butkovich, to quiet title to a parcel of land located in Block 29 of Park City, Summit County. A trial to the court resulted in judgment for Mr. Colman. On appeal our decision was that he did not have paramount title and we reversed.[1] After remand to the District Court, through procedure not objected to by the parties, Summit County became a party defendant. Upon the basis of the record and documentary evidence, the court rejected Summit County's Claim of Title and entered a decree quieting title in defendants Butkovich. Summit County appeals.

Summit County had previously taken title to the land through tax sales and auditor's deeds. In July of 1964 the Butkovichs purchased the land from the County and received a quitclaim deed. The following year, in April 1965, the County issued to them a correction deed which contained the following description and relevant information:

All unplatted land in this Block (29 P. C.) and all land West of this Blk. and Pt. lot 1: Pt. lot A.

(This deed is given to correct that certain Quit Claim deed issued by Summit County July 1964)

(See 1935 Tax Sale Record Page 3)

The above property was sold for delinquent taxes for the year 1935 inclusive in the name of the Park City Townsite and an auditor's deed taken by Summit County.

Ever since receiving the deeds referred to, the Butkovichs have held title to and have paid taxes in accordance with tax notices containing the just quoted description.

■ The argument of Summit County is that its quitclaim deeds to the Butkovichs are invalid because they lack adequate description of the property. It should be noted here that we recognize that the County was not a party to the case on the prior trial and appeal and is, therefore, not bound by that decision. It is nevertheless pertinent to reiterate here what we said therein about the description in the deed in question:

. . . The trial court, for some reason, emphasized what we think was an unwarranted conclusion that defendants' [Butkovichs'] document of transfer from Summit County, namely, the County Deed, had a vague description. Expert testimony was to the effect that the description closed at a border line of Park City Townsite, by a well known and commonly used abbreviation of "P.C." to describe the townsite situate in Summit County.[2]

■ The first argument advanced by the defendants Butkovich is that a grantor (the county) should be estopped to deny his own deed once he has accepted the benefits thereof. That principle is sound when applied under appropriate circumstances.[3] However, that rule does not estop a grantor from making the contention asserted by the county here: That the description in a deed is not sufficient to convey the amount of property claimed by the grantees (defendants Butkovich).

1. *Colman v. Butkovich*, 538 P.2d 188 (Utah 1975).

2. 538 P.2d at 190.

3. 6 Thompson, Real Property, Sec. 2935 (1962) ; 28 Am.Jur.2d—Estoppel, and Waiver, Sec. 10; 31 C.J.S. Estoppel, § 110(3).

■ It is not to be questioned that in order to be valid, a deed must contain a sufficiently definite description to identify the property it conveys.[4] But the rules which are generally applicable to controversies over the meaning of documents are also applicable to deeds. The problem lies in ascertaining the intent with which it was executed.[5] It should be resolved, if possible, by looking to the terms of the instrument itself and any reasonable inferences to be drawn therefrom; and if there then remains any uncertainty or ambiguity it can be aided by extrinsic evidence.[6] If from that process the property can be identified with reasonable certainty, the deed is not invalid for uncertainty.[7]

■ The county's argument that the description in the deed is insufficient is based upon the use of certain abbreviations therein as shown in the first two lines thereof:

> All unplatted land in this Block (29 P. C.) and all land West of this Blk. and Pt. lot 1: Pt. lot A.

No serious question is raised as to the commonly used abbreviations of Blk. for "block," or Pt. for "part," of the named lots. The principal defect complained of is the use of the initials "P.C." which must be read as "Park City" to give the deed meaning and effect. Even if it be assumed that those initials might leave some doubt as to the designation of one of the main towns in the county, when it is aided by the later statement in the same deed referring to "the Park City Townsite," and is considered in the light of the rules hereinabove stated concerning the interpretation of deeds, it is our opinion that there is a sound basis for the trial court's conclusion that the description in the deed was sufficiently definite to convey the property in question to the defendants Butkovich.

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT and MAUGHAN, JJ., and PETER F. LEARY, District Judge, concur.

4. 4 Tiffany Real Property 3d Ed., Sec. 990, and cases therein cited. 26 C.J.S. Deeds § 29.6. Thompson on Real Property, 1962 Repl. Ed., Sec. 3020.

5. *Losee v. Jones*, 120 Utah 385, 235 P.2d 132; *Cornia v. Putnam*, 26 Utah 2d 354, 489 P.2d 1001.

6. *Clotworthy et al. v. Clyde et al.*, 1 Utah 2d 251, 265 P.2d 420; *Russell v. Geyser—Marion Gold Mining Co.*, 18 Utah 2d 363, 423 P.2d 487.

7. 4 Tiffany Real Property 3d Ed., Sec. 997, and cases therein cited.