Etheline K. McCARTY, Plaintiff
and Appellant,

v.

Robert Lewis PARKS, Jr., Defendant,

v.

ROYAL GLOBE INSURANCE COMPA-
NIES, Garnishee Defendant
and Respondent.

No. 14761.

Supreme Court of Utah.

May 20, 1977.

Lionel M. Farr, Salt Lake City, for plaintiff and appellant.

H. James Clegg and Raymond M. Berry, Worsley, Snow & Christensen, Salt Lake City, for garnishee defendant and respondent.

CROCKETT, Justice:

In the main stem of this lawsuit plaintiff Etheline K. McCarty sued and took a default judgment against Robert Lewis Parks, Jr. for $123,550 damages for injuries plaintiff sustained in an automobile collision. That judgment is not before us on this appeal.

On review here is a proceeding by which the plaintiff attempted to compel later interpleaded garnishee defendant, Royal Globe Insurance Companies (herein called Royal Globe), to pay the judgment. Upon a hearing to determine the issues raised with

respect to that controversy, the district court found that the insurance company was not an insurer of defendant Parks. Plaintiff appeals.

Mr. Parks had been employed by Peach Springs Garage, Peach Springs, Arizona, from April to July 22, 1971. He requested and got permission from the garage's owner, John L. Byers, to use a 1966 Pontiac automobile for a two or three day trip to Flagstaff, Arizona. The car was insured by a policy issued by the garnishee defendant, Royal Globe, naming the Peach Springs Garage, and its owners Mr. Byers and his wife, as the insureds. Instead of going to Flagstaff on the short trip as stated, without the consent or knowledge of the insured, Mr. Parks drove the car to Salt Lake City where he remained for over two months; and on September 24, 1971, he was involved in the accident in which plaintiff was injured.

Twenty-three months later, in August 1973, plaintiff filed this suit against Mr. Parks and notified Royal Globe that such an action had been filed. Mr. Parks did not make any appearance, so the default judgment mentioned above was entered against him.

On May 14, 1974, notice of the judgment was served upon the garnishee defendant, Royal Globe, and on July 17, 1974, a demand was made for payment of the judgment. No payments being made, on August 7, 1974, a writ of garnishment was served on Royal Globe. It answered, denying any indebtedness to defendant Parks, or any obligation to pay the judgment.

On July 1, 1976, the district court held a hearing on the traverse of the garnishment, to determine whether Royal Globe's policy covered the car driven by defendant Parks when he injured the plaintiff. The position essayed by plaintiff is that because the garnishee defendant, Royal Globe, had had notice of the suit and an opportunity to defend it, it was bound by the findings and judgment therein. Plaintiff relied specifically on the finding which recited that:

> . . . the defendant, Robert Lewis Parks, Jr., was driving (the automobile) with permission of its owner. . . .

 It is true that as a general rule when an insurer, whose policy requires it to defend its insured, receives notice of a suit against him and is allowed an opportunity to defend, but refuses, is bound by the findings and judgment therein.[1] However, this does not extend to matters collateral or immaterial to the essential issues involved in the case, but is limited to those necessary to determination of the controversy between the immediate parties.[2] Consequently, an insurance company which is not a party to the suit, nor concerned with the issues of liability therein, is not bound by such collateral recitals in the findings. It should be afforded an opportunity to raise and have determined the issue as to its own liability, so long as doing so is not inconsistent with the findings on material issues which were determined between the plaintiff and defendant.[3] In this instance, the issue between the plaintiff and defendant Parks was only as to his negligence in causing damage to the plaintiff and the amount thereof. As between those parties, there was no necessity for any adjudication as to whether Mr. Parks was driving with permission of the policyholder or not.

In accordance with what has been said above, the trial court was correct in its view that the issue as to whether Mr. Parks was driving with the permission of the insured was not a material issue in the main case and that the recital thereon in the findings was not res judicata as to the garnishee defendant, Royal Globe, who was not a party to that action; and that the ends of justice required that the latter be allowed

1. *East v. Fields,* 42 Wash.2d 924, 259 P.2d 639; *Dairyland Ins. Co. v. Richards,* 108 Ariz. 89, 492 P.2d 1196.

2. *Herendeen v. U.S. Fidelity & Guaranty Co.,* 19 Ariz.App. 399, 507 P.2d 1011.

3. *Geddes & Smith, Inc. v. St. Paul-Mercury Indemnity Co.,* 51 Cal.2d 558, 334 P.2d 881; *Burnett v. Western Pacific Ins. Co.,* 255 Or. 547, 469 P.2d 602; *Hartford Accident & Indemnity Co. v. Villasenor,* 21 Ariz.App. 206, 517 P.2d 1099.

its day in court to contest that issue. Upon the basis of the evidence presented, the trial court found that Mr. Parks was not driving the car with the permission of the insured owner, and was therefore not covered by the policy of Royal Globe. The evidence amply supports that finding.

█ Concerning the other aspect of the plaintiff's argument: that under the covenants in its policy, Royal Globe was under a duty to defend the action against defendant Parks when it received notice thereof, these observations are to be made: the covenant only runs to those insured under the policy. We have but recently had occasion to affirm the proposition that one who drives an automobile without the permission of the owner is not covered by such a policy.[4] It is undoubtedly true that where any substantial question as to coverage exists, it may involve some risk on the part of the insurance company to refuse to defend. But in this instance the judgment of the company in so refusing was vindicated by the finding of the trial court that the defendant Parks was not driving the car with the permission of the owner and was thus not covered by the policy.

On the basis of what has been said herein, it is our conclusion that the trial court was justified in ruling that there was no duty on the garnishee defendant Royal Globe to defend this lawsuit, nor any basis for imposing liability upon it for the payment of the judgment against defendant Parks.

Affirmed. Costs to defendant Royal Globe Insurance Companies.

ELLETT, C. J., and WILKINS, MAUGHAN, and HALL, JJ., concur.

---

4. *Western Casualty & Sur. Co. v. Transamerica Ins. Co.,* 26 Utah 2d 50, 484 P.2d 1180.