**BENNION INSURANCE COMPANY, a Utah Corporation, Plaintiff and Appellant,**

v.

**1ST OK CORPORATION, a Utah Corporation, Morris H. Curtis, and Sadie P. Curtis, his wife, Shell Oil Co., a corporation and Sevier County, Defendants and Respondents.**

**Milton D. HENDRICKSON, Plaintiff and Appellant,**

v.

**1ST OK CORPORATION, a Utah Corporation, Morris H. Curtis, and Sadie P. Curtis, his wife, and Utah Title and Abstract Company, a Utah Corporation, Defendants and Respondents.**

**Nos. 14848, 14849.**

Supreme Court of Utah.

Nov. 8, 1977.

---

Grant M. Prisbrey, Salt Lake City, for plaintiffs and appellants.

John H. Allen, Salt Lake City, Tex R. Olsen of Olsen & Chamberlain, Richfield, for defendants and respondents.

WILKINS, Justice:

Two actions of foreclosure of mortgages are consolidated here as the material facts and law are applicable to both cases. Summary judgment was granted to the Defendants Curtis in each case by the District Court for the County of Sevier on the ground that the deed on which plaintiffs' mortgagor, 1st OK Corporation, depended for title was void ab initio. Plaintiffs appeal, and only Defendants Curtis responded herein.

Plaintiffs in each case brought action to foreclose a mortgage received from 1st OK Corporation. The mortgages were secured by different parcels of real property, each approximately one acre in size and both originally part of a larger tract of land containing some 91 acres conveyed by Defendant Curtis to Utah Title and Abstract Company, as trustee, under a trust agreement authorizing the trustee to convey title to 1st OK Corporation in accordance with the terms of a real estate contract entered into between Defendants Curtis, as sellers, and 1st OK Corporation, as buyer.

Prior to the time these foreclosure actions were filed, but after the subject mortgages were recorded, litigation developed among

1st OK Corporation, Utah Title and Abstract Company, and Morris H. Curtis and Sadie P. Curtis, in which the Curtises sought rescission of the contracts and deed on the ground of fraud practiced on them by the president of 1st OK Corporation, Orlando Fiandaca. That litigation was resolved in favor of the Curtises, and judgment was entered declaring all of the contracts involved, including the deed, void, and quieting title to the entire tract of real property in the Curtises. Upon appeal to this Court, that judgment was affirmed.[1]

■ Plaintiffs here, the mortgagees, were not parties to the former action, and are not bound by that judgment.[2] And the distinctions urged upon us, infra, by plaintiffs were not involved in the prior action, and therefore not ruled upon by this Court.

Plaintiffs argue that the fraud practiced by Orlando Fiandaca, (which is recited in the affidavit of the Curtises on file in this action) was *fraud in the inducement* but not *fraud in factum*, which must be shown if the deed was void ab initio, and that the District Court erred in granting summary judgment to the Curtises on that basis. Plaintiffs' main contention is that as a matter of law, the judgment entered in the prior action did not terminate the rights of the mortgagees as bona fide purchasers who purchased interests in the real property prior to the time the deed was voided.[3]

Further, the plaintiffs argue that fraud in factum is found only where forgery is proved, or where the fraud is tantamount to forgery, such as where an incompetent person is induced to sign a deed, or where the deed is surreptitiously substituted for another instrument the grantor believes he is signing;[4] in other words, where it is proved that the deed was not the deed of the grantor. A deed void ab initio carries no title on which a bona fide purchaser may rely, whereas a deed voidable in equity may be the basis of good title in the hands of a bona fide purchaser who gave value prior to the time the deed was avoided by the grantor.

It appears from the affidavit filed by the Curtises themselves that Fiandaca, after establishing a confidential relationship between himself and the Curtises, induced them to sign the deed by false representations. The Curtises relied upon his purported greater knowledge and expertise, and his promises, subsequently broken, to so develop the property which he was purchasing from them as to substantially enhance the value of the property they retained. Fiandaca, discouraged the Curtises from seeing an attorney, and drew the deed himself, as well as all of the other documents which the Curtises signed, and which were invalidated in the former action. In drawing the deed, Fiandaca described 91 acres of real property, and represented to the Curtises that they were selling him only 70 acres.

Defendants Curtis maintain that this last fact especially establishes fraud in factum, arguing that they would never have signed the deed had they known the true fact, and therefore the deed was not the deed of the grantors, and hence was void ab initio.

■ We cannot agree. The fraud proved in the prior case was not forgery and was not tantamount to forgery. It appears that the Curtises knew they were signing a deed, and understood that the instrument conveyed all of their interest in the property described. This is buttressed by the fact that they signed it not once but twice; first on December 15, 1972, and again on May 25, 1973, the latter having been executed to correct the description of the real property. While it is arguable that the Curtises might not have agreed to the same consideration under the contract for the sale had they known that the deed described 91 acres rather than 70, it cannot be said that the

1. *1st OK Corporation v. Curtis*, Utah, 550 P.2d 157 (1976).

2. *Federal Land Bank of Berkeley v. Pace*, 87 Utah 156, 48 P.2d 480 (1935).

3. See generally 23 Am.Jur.2d, Deeds, Sections 144 and 145.

4. See generally 23 Am.Jur.2d, Deeds, Section 137; 26 C.J.S. Deeds §§ 67 and 68, and the cases cited therein.

deed was not the deed of the grantors, when they understood and intended that it should be a deed. We therefore hold that the Court erred in ruling that the deed was void ab initio, as this was not fraud in factum.

■ Plaintiffs further urge this Court to render judgment in their favor, and to instruct the District Court to proceed with the foreclosures. This we cannot do inasmuch as this appeal arises from summary judgment. In the Bennion Insurance Company case, there is insufficient evidence in the record to show that the plaintiff is in fact a bona fide purchaser and had no notice, actual or constructive, of the fraud or the precarious state of title. Further, the Bennion mortgage was executed by 1st OK Corporation, and there is nothing in the record to show that 1st OK Corporation, had a deed to the real property described, at the time it executed the mortgage. If there was in fact no such deed, Plaintiff Bennion must have had notice that 1st OK Corporation had no mortgageable interest.

■ Defendants argue that Plaintiff Hendrickson is not a bona fide purchaser and cannot prevail under any theory. We agree. Utah Title and Abstract Co., as trustee of Defendants Curtis had instructions to transfer title to 1st OK Corporation upon the performance of certain conditions. Prior to the Plaintiff Hendrickson transaction, the Curtises sent notice to the said trustee that a condition under the contract had not been met, and that they intended to elect to terminate the contract unless the annual payment, then delinquent for thirty days, was received from 1st OK Corporation within five days. 1st OK Corporation was served with the same notice on February 7, 1974. On the 12th day of February, Plaintiff Hendrickson delivered $15,250 to Utah Title and Abstract Co., acting also as his escrow agent, with instructions to disburse the funds on behalf of 1st OK Corporation when the title company could "insure and record the attached mortgage as a first mortgage." Two days thereafter, on the 14th of February, the Curtises delivered notice to their trustee of their election to

terminate the contract, and ordered the trustee to reconvey the property to them. The trustee placed the proceeds in an escrow account, and, without insuring title, recorded the mortgage on February 19, 1974. The first litigation in this matter then ensued, as noted supra, resulting in an avoidance of the contract and the deed granting title to the trustee. The trustee, it is admitted by all parties, still holds the funds deposited by Plaintiff Hendrickson in its escrow account.

It is clear that the funds deposited by Plaintiff Hendrickson were to be released to the mortgagor, 1st OK Corporation, only upon the performance of a condition imposed by plaintiff and that that condition has never been met. 1st OK Corporation never became entitled to the funds, and sufficient time has elapsed to enable Plaintiff Hendrickson to revoke the escrow and demand the return of the funds for failure of a condition. There is no debt owed by 1st OK Corporation to Plaintiff Hendrickson since the corporation never received the funds. In order to invoke equity to protect his interest as a bona fide purchaser, Plaintiff Hendrickson must first prove that he has given value for his interest. Where the funds deposited by him are still accessible to said plaintiff merely by revoking the escrow for failure of a condition imposed by him, the plaintiff has parted with nothing of value.

The judgment entered by the District Court is reversed and the case of *Bennion Insurance Co. v. 1st OK Corporation, et al.,* District Court No. 7274, is remanded to the District Court for Sevier County for further proceedings. The case of *Milton D. Hendrickson v. 1st OK Corporation, et al.,* District Court No. 7111, is remanded to the District Court for Sevier County with instructions to enter judgment in favor of plaintiff and against Defendant Utah Title and Abstract Company ordering that defendant to release the escrowed funds to Plaintiff Hendrickson in accordance with the prayer of plaintiff's complaint, and dis-

missing the complaint against all other parties.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.