SEARLE BROTHERS, a partnership, Rance W. Searle, Rhett A. Searle, and Randy B. Searle, Plaintiffs and Appellants,

v.

Edlean SEARLE, Defendant and Respondent.

No. 15604.

Supreme Court of Utah.

Dec. 6, 1978.

**690**

Cullen Y. Christensen of Christensen, Taylor & Moody, Provo, for plaintiffs and appellants.

Ray E. Nash, Vernal, for defendant and respondent.

ELLETT, Chief Justice:

This case is before this Court on appeal from a final order of the trial court which dismissed the plaintiff's amended complaint with prejudice and held that a prior judgment of the same court rendered in a divorce case wherein the defendants in this case were the parties there, was res judicata as to the appellants here.

In the prior case of *Searle v. Searle* (a divorce action), the court determined that a particular piece of property commonly known as the "Slaugh House" and recorded in the name of the defendant, Woodey B. Searle (who is the father of the appellants in the instant matter) was part of the marital property, and awarded the same to Edlean Searle (who is the mother of the appellants and also the respondent in the instant matter). The divorce was appealed to this Court and was affirmed in all respects.[1]

Appellants instituted this suit claiming that an undivided one-half interest in the "Slaugh House" was a partnership asset of Diamond Hills Motel (owned by the Searle Brothers partnership) and had been paid for with partnership funds. The trial court held that res judicata applied and that appellants were collaterally estopped from bringing this suit.

Appellants have appealed this judgment, claiming that the trial court erred in that the appellants were not parties to the divorce action and could not be bound by the decree entered therein.

In general, a divorce decree, like other final judgments, is conclusive as to parties and their privies and operates as a bar to any subsequent action.[2] In order for res judicata to apply, both suits must involve the same parties or their privies and also the same cause of action; and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action.[3] If the subsequent suit involves different parties, those parties cannot be bound by the prior judgment.[4]

Collateral estoppel, on the other hand, arises from a different cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit.[5] This means that the plea of collateral estoppel can be asserted only against a party in the subsequent suit who

1.  *Searle v. Searle*, Utah, 522 P.2d 697 (1974).

2.  *Olsen v. Board of Education*, Utah, 571 P.2d 1336 (1977); *Bennion Ins. Co. v. 1st OK Corp.*, Utah, 571 P.2d 1339 (1977); *Coleman v. Butkovich v. Summit County*, Utah, 556 P.2d 503 (1976).

3.  *Belliston v. Texaco, Inc.*, Utah, 521 P.2d 379 (1974); *Richards v. Hodson*, 26 Utah 2d 113,

485 P.2d 1044 (1971); 24 Am.Jur.2d, Divorce & Separation, Sec. 496.

4.  *State v. Parker*, 13 Utah 2d 65, 368 P.2d 585 (1962).

5.  *Ray v. Consolidated Freightways*, 4 Utah 2d 137, 289 P.2d 196 (1955).

was also a party or in privity with a party in the prior suit.[6]

In *Bernhard v. Bank of America Nat'l Trust & Savings Assoc.*[7] the California Supreme Court considered the question of the applicability of res judicata as a basis for applying the collateral estoppel doctrine and identified the following three tests as being determinative:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

In a subsequent opinion, the California Supreme Court recognized the necessity for a fourth test: "Was the issue in the first case competently, fully, and fairly litigated?"[8] These four tests have been adopted by the majority of jurisdictions as the correct standard to apply. As to the second test above, there is no dispute that the divorce decree rendered in the former suit was a final judgment on the merits. Points One and Four will be discussed *infra*. Under the third test, it is clear that the appellants in this action were not parties to the first action; hence, the only way they can be barred or estopped from pursuing the second suit is if they were "in privity" with the parties to the divorce action.

■ The legal definition of a person in privity with another, is a person so identified in interest with another that he represents the same legal right. This includes a mutual or successive relationship to rights in property.[9] Our Court has said that as applied to judgments or decrees of court,

privity means "one whose interest has been legally represented at the time."[10]

■ In the case before us, appellants' interest was neither mutual nor successive. They claim no part of the interest owned by Woodey B. Searle, but assert their own, independent and separate partnership interest in 50 percent of the property involved. The rights are similar but not identical. The property interest arose before the commencement of the first action, not subsequent thereto, so that appellants cannot be regarded as in privity and subject to the judgment rendered therein.[11] Furthermore, under U.C.A., 1953, as amended, 48–1–22(1), partners are co-owners of specific partnership property which is directly opposite to successive interests.

■ The first and fourth tests previously outlined also do not permit the application of collateral estoppel in this case. The partnership interest was not legally represented in the prior divorce suit. Woodey B. Searle, the defendant in the prior action, was acting in his individual capacity as the husband of the plaintiff and was not acting in a representative capacity for the partnership. Respondent urges that Woodey B. Searle was acting as *agent* for the partnership; hence, the partnership is bound by his action or inaction in the prior litigation. However, the general rule is that agents and principals do not have any mutual or successive relationship to rights of property and are not, as a consequence thereof, in privity with each other. Therefore, the principal is not bound by any judgment obtained against an agent, unless the principal became a party or privy thereto by actually and openly defending the action.[12]

6. *Waitkus v. Pomeroy*, 31 Colo.App. 396, 506 P.2d 392 (1972), rev. 183 Colo. 344, 517 P.2d 396 (1973).

7. 19 Cal.2d 807, 122 P.2d 892, 895 (1942).

8. *Teitelbaum Furs, Inc. v. Dominion Ins. Co.*, 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962).

9. *Taylor v. Barker*, 70 Utah 534, 262 P. 266 (1927).

10. *Tanner v. Bacon*, 103 Utah 494, 136 P.2d 957, 960 (1943).

11. *Dillard v. McKnight*, 34 Cal.2d 209, 209 P.2d 387 (1949).

12. *Deorosan v. Haslett Warehouse Co.*, 165 Cal.App.2d 599, 332 P.2d 422, 435 (1958); Freeman on Judgments, 5th Ed., Sec. 489.

■ The right to intervene as a party in the prior suit does not bind the party in the subsequent suit where he failed to so intervene. 46 Am.Jur.2d, Judgments, Sec. 530 discusses this point as follows:

A party to the principal case is regarded as a stranger to the judgment rendered in the previous action where he was not directly interested in the subject matter thereof, and had no right to make defense, adduce testimony, cross-examine witnesses, control the proceedings or appeal from the judgment, even though he could have made himself a party to the previous action. The right to intervene in an action does not, in the absence of its exercise, subject one possessing it to the risk of being bound by the result of the litigation, under the doctrine of res judicata. . . .

The foregoing rule has been adopted by this Court.[13]

Collateral estoppel is not available to defeat appellants' claim since the partners were not made parties to the first suit and there is not sufficient evidence in the record to show that the interest of the partnership in the "Slaugh House" was ever litigated. The standard rule was reiterated by this Court earlier this year in *Ruffinengo v. Miller*[14] when we said:

Collateral estoppel is not a defense against a litigant who was not a party to the action and judgment claimed to have created an estoppel.

In the matter now before us, no trial was held. On the date set for trial, the court instructed the counsel for both parties to attempt to settle the case and that if they failed to reach an agreement, to submit memoranda to the court addressed solely to the issue of the res judicata effect of the divorce action. The parties were not afforded an opportunity to present testimony or to make a proffer on proof. In its Amended Order, the court stated:

. . . Memoranda was submitted by counsel for both the plaintiff and the defendant. The transcript of testimony of the previous divorce action between the plaintiff's parents was referred to.

. . . From the undisputed facts presented *in counsel's memoranda*, the court further finds that the doctrine of collateral estoppel appears in the instant case and is a bar to the plaintiff's claim. [Emphasis added.]

It also appears from this Order that the court relied entirely on counsels' memoranda, which memoranda contained references to the previous litigation but which were not necessarily examined independently by the trial court. We dealt with a similar problem in *Parrish v. Layton City Corp.*[15] wherein we stated:

. . . The mere fact that there was a record of another action on file in the clerk's office did not place these records in evidence. . . . Since the record of the prior action was not before the trial court, there is no basis to sustain the determination that plaintiff's claim was barred by the doctrine of res judicata.

Appellants cannot be bound by the decree entered in the previous suit nor are they estopped from litigating their own claim against the property in a subsequent suit since they were not parties or privies in the first action, and the issue raised in the second action was never litigated in the prior proceeding. The trial court erred in holding that the doctrines of res judicata and collateral estoppel barred the appellants from pursuing their suit. In making this ruling, we do not express an opinion as to whether or not the property in question was an asset of the partnership.

The judgment is reversed and remanded for trial. Costs are awarded to appellants.

WILKINS and HALL, JJ., concur.

---

13. *McCarty v. Parks v. Royal Glove Ins. Co.*, Utah, 564 P.2d 1122 (1977); *cf.* also Rule 19(b), Utah Rules of Civil Procedure which provides that persons who ought to be made parties but who are nonetheless outside the jurisdiction of the court, are not affected by any judgment rendered therein.

14. Utah, 579 P.2d 342, 343 (1978).

15. Utah, 542 P.2d 1086, 1087 (1975).

CROCKETT, Justice (dissenting):

I am unable to agree with the main opinion that the trial court erred when it held that the doctrine of collateral estoppel barred the plaintiffs. It is my judgment that that ruling was in conformity with principles of equity and justice.

It is to be conceded that the judgment in the divorce action would not normally bar the plaintiffs' action here because they were not parties thereto.[1] However, upon a survey of the total circumstances I think the trial court was justified in its ruling. The main opinion correctly indicates that that doctrine of collateral estoppel is applicable when it is shown that: (1) the prior judgment is on the same issue and the same facts; (2) the issue thus litigated was essential to support the prior judgment; and (3) that it was between parties who were the same, or in privity with them.

As to (1) there can be no question but that this "Slaugh House," which is the subject of this suit, was one of the assets about which there was dispute in the divorce proceeding. Therein counsel for the plaintiffs' father, Woodey B. Searle, asserted that the Slaugh House property was owned one half by the parties and the other half by the parties' sons as a result of a claimed partnership between the father and the sons (these plaintiffs). He also urged that the father should be awarded that property.

Neither is there any question as to (2) above because it is obvious that determination as to the ownership of the house was a predicate to awarding it to the mother (plaintiff therein Edlean Searle).

The more critical question is to whether these plaintiffs, the sons of the parties to the divorce action, were sufficiently involved and interested therein that they should properly be regarded as parties in privity thereto.

It appears that this matter was submitted to the trial court on the basis of the testimony given in the divorce action. The court's order recited that "the transcript of testimony of the previous divorce action between the plaintiff's parents was referred to" and that "after full consideration . . . the court further finds that the doctrine of collateral estoppel . . . is a bar to plaintiff's claim." It is incontestably plain that the members of the family, including the plaintiffs herein, were actively involved in that suit, which in turn involved whatever interest any of them had in the family assets. Further, they were fully aware of the adverse claims being asserted to the Slaugh House which is the subject of this suit. Two of the sons, Randy and Rhett were called to testify on behalf of their father in that trial.

It is not contended that there was ever any written partnership agreement. In his testimony plaintiff Rhett Searle characterized it as an informal arrangement. The father stated that this Slaugh House had been purchased with funds of such a partnership and that its being recorded in his name only was but an oversight. He also stated that he kept the rents collected therefrom in an account which he could spend on his own as he desired, but with the intention of putting it back.

This is a situation where the plaintiffs are seeking the aid of equity to assert ownership in property which stood of record only in their father's name. Even under the facts as contended by them, he was the managing partner of the claimed partnership, who had control of the property in dispute and the income therefrom; and he thus should be regarded as representing and protecting whatever interests they and the claimed partnership had therein.[2] Further, plaintiffs themselves were fully aware of the disputation concerning the ownership of this property. They actively participated in that lawsuit, but asserted no claim for themselves. Instead of doing so, they stood by until the determination was made ad-

1. *Richards v. Hodson,* 26 Utah 2d 113, 485 P.2d 1044 (1971); *Belliston v. Texaco, Inc.,* Utah, 521 P.2d 379 (1974).

2. That family relationship is one factor which may be considered in determining whether privity exists, see 46 Am.Jur.2d, Judgments, Section 532 and cases cited therein.

verse to their father's (and their own) interests. Such claim as they have in contesting the record title to the property is based solely upon supposed oral declarations made within the family, and self-serving declarations at that.

The purpose of the doctrine of collateral estoppel is to protect a party from being subjected to harassment by being compelled to litigate the same controversy more than once.[3] This case impresses me as being a very good example of a situation where the trial court was justified in applying that doctrine and, consistent therewith, concluding that in equity and good conscience the plaintiffs should now be estopped from seeking the relief they asked against their mother.

For the reasons stated above I would affirm the dismissal of the case.

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.

**3.** *Bahler v. Fletcher*, 257 Or. 1, 474 P.2d 329 (1970).