**Louise A. DRAZICH aka Louise Ann Drazich, as an individual; and Louise A. Drazich, as trustee of trusts created by the Will of Marko N. Drazich, deceased, Plaintiffs and Appellants,**

v.

**Alan LASSON, Mary D. White, and Darrell L. White, individuals, Defendants and Appellee.**

No. 971333–CA.

Court of Appeals of Utah.

Aug. 6, 1998.

---

Brant H. Wall and Gregory B. Wall, Wall & Wall, a.p.c., Salt Lake City, for Plaintiffs and Appellants.

David P. Hirschi, West Bountiful, for Defendants and Appellee.

Before WILKINS, BILLINGS and JACKSON, JJ.

## OPINION [1]

WILKINS, Associate Presiding Judge:

Louise A. Drazich appeals the trial court's judgment granting Alan Lasson, Mary D. White, and Darrell L. White [2] full possession of and quiet title to the property, over which this dispute arose, pursuant to the Utah Marketable Record Title Act. *See* Utah Code Ann. §§ 57–9–1 to –10 (1994 & Supp.1997).

## BACKGROUND

Drazich and Lasson own pieces of property adjacent to each other in Salt Lake County. Lasson obtained a Warranty Deed to his property in October 1993. Drazich obtained a Warranty Deed to her property in December 1993.

The property descriptions in the parties' deeds overlap. As a result of this overlap, Drazich brought this quiet title action to resolve the dispute over who owns the parcel of land included in both deeds' legal descriptions.

Both parties claim a common origin of title to the disputed parcel of land. That common origin is a Patent issued by the United States Government to James Bell in 1875.

After Bell acquired the Patent, Drazich's chain of title lists a conveyance from Bell to Abraham Helm. Bell conveyed fee title to

---

1. Upon the motion of one of the parties, we have chosen to publish this opinion, which replaces our earlier memorandum decision issued on June 18, 1998. We have added the background section to this opinion to give the reader context. With the exception of that addition, this opinion is unchanged from our previously issued memorandum decision.

2. The Whites are not parties to this appeal.

Helm by an Indenture recorded in Salt Lake County's official records.

Then, in 1882, a private transaction occurred. Helm conveyed by an Indenture an interest in a strip of land to the Denver & Rio Grande Railway Company (the railroad). The 1882 Indenture describes the conveyed land as being a corridor two rods in width, lying sixteen and one-half feet on either side of the center line of an existing railroad track, which area includes the disputed property parcel. The Indenture does not describe the actual location of the railroad track.

The railroad tracks lying within the corridor were removed in approximately 1904, and no precise legal description of the tracks' location or of the corridor in which the tracks were located was ever recorded. Evidence was presented at trial that considerable confusion exists regarding the tracks' exact location.

In 1904, the railroad ceased both paying taxes on the corridor land and using the land for railroad purposes. As early as 1926, the railroad began quitclaiming its interest in the corridor land.

In 1958, the railroad employed Coon and King Engineers to survey the corridor land and to establish a legal description of the corridor. Based on the Coon and King survey, the railroad issued a Special Warranty Deed to Building Supply Center in 1958. The legal description in the 1958 Special Warranty Deed includes the disputed property parcel. The 1958 Special Warranty Deed contained exceptions and conditions, one of which being the "outstanding rights for any and all ... fences ... now existing upon, under, along, over or across the described premises."

After Building Supply Center obtained the 1958 Special Warranty Deed from the rail-

road, several more conveyances were made until 1993, when Drazich received his Warranty Deed.

Lasson also claims his interest in the disputed parcel of land from a chain of title, which dates back to Bell's 1875 Patent. The present legal description of the Lasson parcel has been consistently and continuously used in recorded deeds from at least 1951 down to Lasson's 1993 Warranty Deed.

The case went to trial in September 1996. At the end of the nonjury trial, the trial court concluded Drazich did not have an interest in the disputed parcel of land and granted judgment in favor of Lasson. Drazich appeals.

## ANALYSIS

We will reverse the "trial court's findings of fact only if they are ' "against the clear weight of the evidence," thus making them "clearly erroneous." ' " *Butler, Crockett & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co.*, 909 P.2d 225, 228 (Utah 1995) (citations omitted). However, we review the trial court's conclusions of law for correctness. *See State v. Pena*, 869 P.2d 932, 935, 936 (Utah 1994).

Drazich attacks the trial court's conclusion that she does not have an interest in the disputed land.[3] The trial court based its conclusion on its determinations that the 1882 Indenture conveyed only a right-of-way subject to abandonment, which right-of-way was later abandoned, and that the 1958 Special Warranty Deed did not convey any interest in the disputed land.[4]

The trial court concluded that the 1882 Indenture conveyed only a right-of-way subject to abandonment based on the Indenture's "imprecise legal description and other relevant language." Drazich challenges this conclusion by arguing that the Indenture's

---

3. Drazich's brief also analyzes issues involving adverse possession and boundary by acquiescence. However, the trial court did not rely on these two theories in forming its decision. Instead, the trial court ruled in Lasson's favor because of other problems it concluded existed in Drazich's chain of title. Therefore, we do not address the issues involving adverse possession and boundary by acquiescence.

4. At times in her brief Drazich appears to challenge some of the trial court's subsidiary factual findings. However, Drazich not only fails to clearly state her arguments, but she also fails to fulfill her appellant duty to marshal the evidence. We therefore reject any challenges Drazich makes to the trial court's findings of fact. *See Butler, Crockett & Walsh Dev. Corp.*, 909 P.2d at 234.

language of conveyance indicates that the Indenture conveyed fee title to the described land. Drazich further challenges this conclusion by arguing that warranties are unnecessary to convey fee title. However, Drazich has not directly disputed the trial court's determination that the Indenture's legal description of the conveyed land is imprecise, and has neither argued nor demonstrated to us how that is the case. Furthermore, we have reviewed the Indenture's language describing the conveyed land and agree with the trial court that this language is imprecise. We therefore reject Drazich's argument that the Indenture conveyed fee title to the disputed land. *See Colman v. Butkovich,* 556 P.2d 503, 505 (Utah 1976) ("It is not to be questioned that in order to be valid, a deed must contain a sufficiently definite description to identify the property it conveys.").

 Drazich also appears to challenge the trial court's conclusion that the railroad abandoned the right-of-way before 1958. Drazich states in her brief that she has "dealt with the abandonment issue," implying that she has challenged it. However, we cannot find where Drazich briefs this issue. Because Drazich has failed to adequately brief this issue, we refuse to address it. *See State v. Vigil,* 922 P.2d 15, 25–26 (Utah Ct. App.1996). We therefore accept the trial court's conclusion that the railroad abandoned its right-of-way sometime before it issued its 1958 Special Warranty Deed.

Because it abandoned its right-of-way subject to abandonment before 1958, the railroad did not have a valid interest in the disputed land when it issued its 1958 deed to Building Supply Center. Even were we to accept Drazich's arguments regarding the 1958 deed's language of conveyance and language regarding the fence lines, we would still reach the trial court's conclusion that Drazich does not have fee title in the disputed land. One can only convey as much estate in land as one actually has. *See* Utah Code Ann. § 57-1-4 (1994) (stating conveyance purporting to convey greater estate than grantor can lawfully transfer passes to grant-

ee only estate which grantor could lawfully transfer). Because the railroad had abandoned its right-of-way interest before it issued its 1958 deed, it no longer had a valid interest in the disputed land to convey to Building Supply Center.

We have considered Drazich's other arguments on appeal, but decline to address them further because we conclude they lack merit. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989). We therefore affirm the trial court's judgment awarding Lasson and the Whites full possession of and quiet title to the disputed property.[5]

Affirmed.

BILLINGS and JACKSON, JJ., concur.

---

5. We deny Lasson's request for sanctions against Drazich's counsel. We also deny Lasson's re-

quest for attorney fees on appeal.