ROBINSON, Plaintiff and Respondent,

v.

STATE of Utah, DEPARTMENT OF NATURAL RESOURCES, DIVISION OF STATE LANDS, and Charles R. Hansen, Director of the Division of State Lands, Defendants and Appellants.

No. 16529.

Supreme Court of Utah.

Oct. 30, 1980.

Robert B. Hansen, Atty. Gen., Joseph P. McCarthy, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

Michael W. Park, Cedar City, for plaintiff and respondent.

WILKINS, Justice:

Plaintiff and defendant stipulated in the District Court, Iron County, in April, 1978, to a settlement of this lawsuit, and later signed a written agreement to the same effect which was approved by the Court and entered in the record. The stipulation encompassed an exchange of 240 acres of State owned real property in eastern Iron County for 329 acres of desert property in Hamblin Valley, western Iron County, owned by plaintiff, upon appraisal of both parcels at market value by Ken W. Esplin of Cedar City, at the highest and best use of the property as of June 10, 1971. The stipulation further provided that if the appraised value of the State land exceeded the value of the private land, plaintiff could, at his option, pay the difference to the State and effect the exchange; otherwise the parcels would be exchanged without further consideration.

18. Utah, 563 P.2d 811 (1977), more recently upheld in *State v. Gorlick*, Utah, 605 P.2d 761 (1979).

Ken W. Esplin duly appraised the property and submitted his appraisal to the parties. He determined the highest and best use of both parcels to be grazing, and valued the State land at $13,790, and the private land, at $13,160. Plaintiff tendered his deed together with his check in the amount of $630, but the Utah Department of Natural Resources (herein "Department") refused to convey.

The Department then filed a motion to have the exchange agreement declared null and void, alleging that the Esplin appraisal was based on material errors of fact supplied to the appraiser by plaintiff. Plaintiff moved for an order compelling the State to convey title, and the two motions were heard in an evidentiary hearing. After receiving the evidence, including a second appraisal submitted by the Department, the Court ruled that the Department had failed to impeach the Esplin appraisal, granted plaintiff's motion, and ordered the State to convey title to plaintiff, and to accept plaintiff's tender. The Department appeals.

■ We have made an extensive review of the evidence. We find that the evidence supports the Court's determination that the Department failed to impeach the Esplin appraisal.

■ Ken W. Esplin was the appraiser chosen by both parties in their stipulation in open court. In *Tracy–Collins Bank & Trust Co. v. Travelstead*, Utah, 592 P.2d 605 (1979), this Court held that a settlement agreement may, in a proper case, be summarily enforced. We are not convinced, in light of *Travelstead*, that an evidentiary hearing was required here, as we do not necessarily view "... the case at hand [to be] one in which complex factual issues are presented...". At 592 P.2d 609. And we view the "... binding settlement bargain [as] conceded or shown, and the excuse for nonperformance [to be] comparatively unsubstantial." *Id.*, quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C.App.1969). However, the Department sought an evidentiary hearing, and the District Court certainly cannot be faulted for its abundance of caution in granting one.

The Department's other arguments are similarly without merit.

Affirmed. No costs awarded.

CROCKETT, C. J., HALL, J., and R. L. TUCKETT, Retired Justice, concur.

STEWART, J., concurs in the result.

MAUGHAN, J., does not participate herein.