Barbara MURRAY, individually, Barbara Murray, as parent and legal guardian of Becky Murray, and Bruce D. Murray, Plaintiffs and Appellants,

v.

STATE of Utah and the Utah Department of Transportation, Defendants and Respondents.

STATE of Utah and the Utah Department of Transportation, Third-Party Plaintiffs,

v.

Barbara MURRAY, as special administrator of the Estate of John Derlin Murray, also known as Derlin J. Murray, Third-Party Defendant.

No. 19564.

Supreme Court of Utah.

May 26, 1987.

Lynn C. Harris, Allen K. Young, Provo, for plaintiffs and appellants.

David L. Wilkinson, Paul M. Warner, and Stephen J. Sorenson, Salt Lake City, for defendants and respondents.

HOWE, Justice:

Plaintiff Barbara Murray, individually and as legal guardian of her daughter Becky Murray, brought this action against the State of Utah for the wrongful death of her husband, Derlin Murray, who was killed in a highway accident. Plaintiff Bruce Murray, son of Derlin and Barbara Murray, was a passenger in his father's vehicle and joined in this action to recover damages for personal injuries he sustained. The trial court granted the State's motion for summary judgment. Plaintiffs bring this appeal.

After the record on appeal was filed, a settlement was offered in a letter by counsel for the State to plaintiffs' attorney and was reiterated in a telephone conversation. In a later phone conversation, plaintiffs' attorney informed State's counsel that the offer had been discussed with his clients and that they had accepted it. Accordingly, State's counsel forwarded a release of claim and a check for the amount offered to plaintiffs' attorney. Eight days later, plaintiffs' attorney informed the State's counsel that Barbara Murray had changed her mind, had decided not to settle, and would not sign the release. The check was returned to State's counsel, who then re-tendered it in a letter to plaintiffs' attorney pursuant to Utah Code Ann. § 78–27–1 (1953) and deposited it with this Court. The State then filed a motion in this Court to enforce the settlement. We denied the motion with leave to present the issue at the time of the hearing on the merits of the appeal.

It has been stated by this Court that "[s]ettlements are favored in the law, and should be encouraged, because of the obvious benefits accruing not only to the parties, but also to the judicial system." *Tracy-Collins Bank & Trust Co. v. Travelstead*, 592 P.2d 605, 607 (Utah 1979). A summary procedure to enforce such a settlement is "admirably suited to situations where, for example, a binding settlement

bargain is conceded or shown, and the excuse for nonperformance is comparatively unsubstantial." *Id.* at 609 (quoting *Autera v. Robinson,* 136 U.S.App.D.C. 216, 419 F.2d 1197, 1200 (1969)). Plaintiffs have not at any time argued that an agreement was not reached and, in fact, at oral argument, conceded such an agreement. There appears to be no reason for noncompliance with the settlement other than Barbara Murray's change of mind.

The fact that plaintiffs had not yet signed a written agreement is of no legal consequence. It is a basic and long-established principle of contract law that agreements are enforceable even though there is neither a written memoralization of that agreement nor the signatures of the parties, unless specifically required by the statute of frauds. 17 Am.Jur.2d *Contracts* § 67 (1964). Since neither the duration of the agreement in the instant case nor its subject matter brings it within our statute of frauds, Utah Code Ann. §§ 25–5–1 to 9 (1953), it is enforceable even though it is not in writing.

We order the parties' agreement summarily enforced and the appeal dismissed.

HALL, C.J., STEWART, A.C.J., and DURHAM and ZIMMERMAN, JJ., concur.