**ZIONS FIRST NATIONAL BANK, a national association, Plaintiff and Respondent,**

v.

**BARBARA JENSEN INTERIORS, INC., Lowell N. Jensen, and Barbara W. Jensen, Defendants and Appellants.**

No. 880207–CA.

Court of Appeals of Utah.

Oct. 6, 1989.

Charles C. Brown, Jeffrey B. Brown, and Budge W. Call, Salt Lake City, for defendants and appellants.

James S. Jardine and Rick L. Rose, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, BENCH and ORME, JJ.

ORME, Judge:

Defendants Barbara Jensen Interiors, Inc., Lowell N. Jensen, and Barbara W. Jensen ("the Jensens") appeal from the trial court's order granting plaintiff Zions First National Bank's motion to compel settlement and denying the Jensens' motion to disqualify Zions' legal counsel. We affirm.

## FACTS

In June of 1986, Zions Bank filed this action against Barbara Jensen Interiors, Inc. to collect on a promissory note. Lowell and Barbara Jensen were also named as defendants as they had personally guarantied the note. Zions Bank arranged to depose the Jensens at the law offices of Ray, Quinney & Nebeker, Zions' substitute counsel in this matter, on February 10, 1987. The Jensens and their attorney attended the scheduled depositions, but settlement negotiations began instead. According to Zions, these negotiations culminated in settlement. However, as the Jensens see it, the parties only agreed that Zions' attorney would prepare certain documents setting forth a proposed settlement. In any event, the Jensens' depositions were not taken.

On February 18, 1987, Zions' attorney delivered the settlement documents he had prepared to the Jensens' attorney. Despite repeated requests by Zions' attorney, the Jensens refused to sign the documents, ultimately contending that no firm settlement had been reached during the February 10 negotiations. On April 13, 1987, Zions filed a motion to compel settlement, along with the affidavit of Donald M. Bennett, an employee of Zions who participated in the settlement negotiations as Zions' representative.

On May 20, 1987, several months after Ray, Quinney & Nebeker had first appeared as Zions' legal counsel and only one day before Zions' motion to compel settlement was to be heard, the Jensens filed a motion to disqualify the law firm from its representation of Zions in this action. The Jensens filed an affidavit stating that an attorney at Ray, Quinney & Nebeker had represented them in several matters between 1979 and 1983.

After a hearing at which both parties' motions were argued, the district court granted Zions' motion to compel settlement, concluding that the record established an oral settlement had been reached and agreed to by both parties during the February 10 negotiations. The court also noted that, consistent with a settlement having been reached, the Jensens' depositions were cancelled and the trial date stricken by Zions. The court also denied the Jensens' motion to disqualify Zions' legal counsel, holding the motion was untimely because it had been filed more than three months after the Jensens claimed to have first learned of the basis for their motion. The court further held the motion lacked substantive merit as Ray, Quinney & Nebeker had ceased its representation of the Jensens by December 1983, and the substance of the prior representations was unrelated to the present action. The Jensens appeal both decisions.

## MOTION TO COMPEL SETTLEMENT

Voluntary settlement of legal disputes is favored by the law and, under certain circumstances, a settlement agreement may be summarily enforced as an executory accord. *See Mascaro v. Davis,* 741 P.2d 938, 942 (Utah 1987). "The decision of a trial court to summarily enforce a settlement agreement will not be reversed on appeal unless it is shown that there was an abuse of discretion." *Id.* at 942 n. 11. Thus, we affirm the granting of a motion to compel settlement if the record establishes a binding agreement and "the excuse for nonperformance is comparatively unsubstantial." *Tracy–Collins Bank & Trust Co. v. Travelstead,* 592 P.2d 605, 609 (Utah 1979). *See also, e.g., Murray v. State,* 737 P.2d 1000, 1000–01 (Utah 1987); *Robinson v. Department of Natural Resources,* 620 P.2d 519, 520 (Utah 1980).

The Jensens claim their affidavit demonstrates they did not assent to an oral settlement during the February 10 negotiations and thus, at a minimum, the issue should have been submitted to a jury. However, our review of the Jensens' affidavit does not convince us that the district court abused its discretion in granting Zions' motion. In their affidavit, the Jensens state:

At the time of [the February 10 negotiations], *we believed* that no firm settlement was reached; rather, *we understood* that terms of the settlement were to be prepared by counsel for [Zions] and put in writing to be signed by us, if we were in agreement to the terms as set forth in writing....

Since the time [of] said discussions, we have decided not to enter into any settlement agreement and for that reason have refused to sign any settlement agreement.

In contrast, Donald Bennett's affidavit states unequivocally that after negotiating for over one hour, Zions and the Jensens reached an agreement, the terms of which were summarized and repeated for the parties by Zions' attorney. Bennett further states that he, in his capacity as Zions' representative, agreed to the settlement and "observed [the Jensens] agree to the terms of the settlement agreement." The Jensens' affidavit wholly fails to identify any statements made or actions taken by them at the time of the negotiations which would contradict Bennett's claim that the Jensens' agreed to the settlement that had been negotiated. Rather, the Jensens' affidavit merely identifies their unsubstantiated and entirely unilateral "understanding" and "beliefs" as to the legal effect of these discussions and their actions. On the record before us, it appears that these "understandings" were the Jensens' private thoughts and were not expressed to Zions.

It is well established in the law that unexpressed intentions do not affect the validity of a contract.... "The apparent mutual assent of the parties ... must be gathered by the language employed by them, and the law imputes to a person an intention corresponding to the reasonable meaning of its words and acts."

*Jaramillo v. Farmers Ins. Group,* 669 P.2d 1231, 1233 (Utah 1983) (quoting *Allen v. Bissinger & Co.,* 62 Utah 226, 219 P. 539, 541–42 (1923)).

Accordingly, if the Jensens did not wish to settle this dispute, they should have clearly expressed such an intention during the settlement conference which was held in lieu of their depositions. Had they done so, they would have been in a position to defeat summary enforcement of the settlement through an affidavit identifying the specific statements and actions they had taken to communicate to Zions their decision not to accept the settlement offer at that time. Absent such information, and given only the Jensens' unexplained conclusion as to their otherwise undisclosed beliefs, Bennett's statement that the Jensens actually agreed to the settlement stands uncontroverted. Accordingly, we cannot say the trial court abused its discretion in compelling the settlement.[1]

## MOTION TO DISQUALIFY COUNSEL

A motion to disqualify counsel must be immediately filed and diligently pursued as soon as the party becomes

---

1. Our decision in *Brown v. Brown,* 744 P.2d 333 (Utah Ct.App.1987), does not require a different result. Although some discussion in that opinion may tend to imply that settlement agreements must be in the form of a written stipulation to be enforceable, that opinion's focus on the requirements for a valid court stipulation, Statute of Frauds implications, and a dispute about the authority of one party's attorney to bind the party to the settlement, all serve to distinguish that case from the instant one. In any event, Utah law simply does not require settlement agreements to be written to be en-forceable. *See, e.g., Murray v. State,* 737 P.2d 1000, 1001 (Utah 1987) ("The fact that plaintiffs had not yet signed a written [settlement] agreement is of no legal consequence. It is a basic and longstanding principle of contract law that [settlement] agreements are enforceable even though there is neither a written memor[i]alization of that agreement nor the signatures of the parties, unless specifically required by the statute of frauds."). *See also Kukla v. National Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir. 1973) (a settlement agreement is binding even if it has not been reduced to writing).

aware of the basis for disqualification, and it may not be used as a manipulative litigation tactic. *See, e.g., Smith v. Whatcott,* 757 F.2d 1098, 1099–1100 (10th Cir.1985); *Redd v. Shell Oil Co.,* 518 F.2d 311, 315 (10th Cir.1975); *Margulies v. Upchurch,* 696 P.2d 1195, 1202 (Utah 1985). The district court held the Jensens' motion to be untimely because it was filed nearly seven months after Ray, Quinney & Nebeker appeared as Zions' counsel, and more than three months after the February 10 settlement negotiations. The Jensens claim the basis for disqualification remained unknown to them until well into the course of this litigation, but admittedly learned of the asserted basis no later than the February 10 settlement negotiations, at which time the Jensens recalled having been in the Ray, Quinney & Nebeker office building previously to visit their former attorney.[2] However, the motion was filed three months later, and one day before Zions' motion to compel settlement was scheduled to be heard. We agree with the district court that under these circumstances, the Jensens' motion to disqualify counsel was untimely.

## CONCLUSION

We affirm both the grant of Zions' motion to compel settlement and the denial of the Jensens' motion to disqualify counsel.

DAVIDSON, Judge (concurring):

I concur in the main opinion but I write separately to express a concern about the rules contained in the Code of Judicial Administration. As pointed out in the dissent, rule 4–504(8) of the Code of Judicial Administration states:

No orders, judgments or decrees based upon stipulation shall be signed or entered unless the stipulation is in writing, signed by the attorneys of record for the

respective parties and filed with the clerk or the stipulation was made on the record.

This rule was formerly a rule of practice in the courts and was therefore not afforded the full enforcement of a rule of civil procedure. Since the rule has now been elevated into the Code of Judicial Administration, it is now entitled to enforcement equal to that given other rules. However, if this rule is strictly followed and enforced, the way the law is applied will be dramatically changed and in this case, at least, other existing law is ignored. I am unwilling to slavishly follow the rule at issue in the face of evidence showing a stipulation entered into by the parties but not agreed to in writing. Other oral agreements are enforceable when the evidence establishes their existence. So too should oral stipulations be enforced when the evidence shows their existence.

BENCH, Judge (concurring and dissenting):

I concur in the main opinion's treatment of the Jensens' motion to disqualify Zions's legal counsel. I dissent from my colleagues' analysis of Zions's motion to compel settlement. I believe the trial court's grant of that motion was an abuse of discretion.

Our Code of Judicial Administration, rule 4–504(8) provides as follows:

No orders, judgments or decrees based upon stipulation shall be signed or entered unless the stipulation is in writing, signed by the attorneys of record for the respective parties and filed with the clerk or the stipulation was made on the record.

In *Brown v. Brown,* 744 P.2d 333 (Utah Ct.App.1987), this court applied the predecessor to rule 4–504(8)[1] and expressly held that settlement agreements must be in the

---

2. Claiming not to remember the name of one's former law firm but to recognize its office interior may seem disinguous at first blush. The Jensens involvement with interior design, however, may well explain this oddity.

1. Previously, rule 4.5(b) of the Rules of Practice in the District Courts and Circuit Courts provided that

No orders, judgments or decrees upon stipulation shall be signed or entered unless such stipulation is in writing, signed by the attorneys of record for the respective parties and filed with the clerk, provided that the stipulation may be made orally in open court.

form of a written stipulation to be enforceable. I believe *Brown* is indistinguishable from the instant case.

The only exception to the rule that settlement agreements must be in writing is where the parties concede the existence of an agreement. *See, e.g., Murray v. State*, 737 P.2d 1000, 1001 (Utah 1987) (conceded at oral argument).[2] Throughout the instant case, the Jensens have consistently denied that an agreement was ever reached.

In view of the clear language of rule 4–504(8) and our decision in *Brown*, I would reverse the order compelling settlement and remand the case for trial.

---

2. Where an agreement is admitted but not written, an evidentiary hearing may be necessary to determine the terms of the agreement. *See Brown*, 744 P.2d at 337 n. 3 (Orme, J., dissenting). *See also Kukla v. National Distillers Prods.* *Co.*, 483 F.2d 619 (6th Cir.1973) (if the existence or the terms of a settlement agreement are in dispute, it is improper for the court to enforce the alleged agreement without an evidentiary hearing).