2005 UT App 207
D.J. Investment Group, L.L.C., a Utah limited liability company, Plaintiff and Appellee,
v.
DAE/Westbrook, L.L.C., a Delaware limited liability company; Draper City, a municipal corporation; and John Does 1 to 15, Defendant and Appellant.
Case No. 20040340-CA.
Utah Court of Appeals.
Filed May 5, 2005.
Richard W. Casey, Steven G. Crockett, and Evelyn J. Furse, Salt Lake City, for Appellant.
Denver C. Snuffer Jr., Sandy, for Appellee.
Before Judges Billings, Bench, and Orme.

MEMORANDUM DECISION
BILLINGS, Presiding Judge:
¶1 Appellant DAE/Westbrook, L.L.C. (Westbrook)[1] argues that the trial court erred by denying its Motion to Disqualify Denver C. Snuffer Jr. and the law firm Nelson, Snuffer, Dahle & Poulsen, P.C. (collectively Snuffer). We affirm.
¶2 On November 16, 2000, the parties entered into a settlement agreement, which dismissed D.J. Investment Group, L.L.C.'s (D.J.) lawsuit against Westbrook. Snuffer, attorney for D.J., was involved in the negotiations leading to the settlement agreement. On May 7, 2001, D.J. rescinded the settlement agreement and filed suit against Westbrook. Nearly three years later, Westbrook filed a Motion to Disqualify Snuffer, relying primarily on Utah Rule of Professional Conduct 3.7. The trial court denied the Motion to Disqualify, and Westbrook subsequently filed this interlocutory appeal.
¶3 The standard of review generally for decisions relating to disqualification is abuse of discretion, unless the court is called upon to resolve solely a legal or ethical issue. See Houghton v. Department of Health, 962 P.2d 58, 61 (Utah 1998) (holding that because no issues of fact were presented to the trial court, "to the extent this [c]ourt has a special interest in administering the law governing attorney ethical rules, a trial court's discretion is limited"). In contrast, "[w]here courts are called upon to resolve numerous factual disputes, and the quantity of less tangible factors implicating the trial court's decision is large, a trial court is naturally in a better position to consider and weigh all those circumstances in their application to the legal standard at issue." Id. (citing State v. Pena, 869 P.2d 932, 935-36 (Utah 1994)). The trial court's ruling incorporates both questions of fact and law, and thus we apply an abuse of discretion standard. See Margulies v. Upchurch, 696 P.2d 1195, 1200 (Utah 1995) (where the trial court's findings involve "mixed questions of fact and law . . . . the proper standard of review . . . is the abuse of discretion standard").
¶4 Westbrook argues that the trial court erred by finding that Snuffer's disqualification would work substantial hardship on D.J. and by not balancing the interests of the parties.[2]
According to rule 3.7, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where . . . [d]isqualification of the lawyer would work substantial hardship on the client." Utah R. Prof'l Conduct 3.7(a) (emphasis added). In determining whether an attorney should be disqualified on the grounds contemplated by rule 3.7, the trial court is required to balance the client's interests with those of the opposing party. See Utah R. Prof'l Conduct 3.7 cmt. However, even if there is risk of prejudice to the opposing party, "due regard must be given to the effect of disqualification on the lawyer's client." Id. (emphasis added).[3]
¶5 Here, the trial court weighed the interests of the parties and found that D.J. would face substantial hardship in both time and money if forced to hire new counsel at such a late stage of discovery. Specifically, the court noted that
[t]he case at bar was filed in May of 2001, almost three years ago, and since that time the parties have vigorously litigated an extraordinary number of legal issues. The [c]ourt also notes that the parties have conducted a significant amount of discovery in connection with this litigation. Most, if not all, of the key witnesses have been deposed and written discovery has been sent out and answered by both parties. All things considered, the parties have engaged in a substantial amount of work. Indeed, the [c]ourt file now fills seven exceptionally thick folders and addresses some very complex legal issues. The [c]lerk of the [c]ourt has just opened the eighth file. Under these circumstances, the [c]ourt doubts another attorney could be brought up to speed in this matter and recognizes that such an effort would require D.J. to expend an exorbitant amount of time and money.
¶6 The trial court also found that Westbrook filed its motion in an untimely manner. We agree. A motion to disqualify counsel is untimely when it is not "immediately filed and diligently pursued as soon as the party becomes aware of the basis for disqualification." Zions First Nat'l Bank v. Barbara Jensen Interiors, Inc., 781 P.2d 478, 480-81 (Utah Ct. App. 1989) (emphasis added) (holding that the defendants' motion to disqualify counsel was untimely because it was filed three months after it learned of the representation, and one day before the opponent's motion to compel settlement was scheduled for hearing). Here the parties were aware that Snuffer would likely be a necessary witness at least three months prior to filing their motion, if not earlier.[4] Thus, had Westbrook timely filed its motion, it could have significantly reduced D.J.'s costs of retaining and bringing new counsel up to speed.
¶7 Because D.J. would face substantial hardship if forced to retain new counsel at this late stage and Westbrook's motion to disqualify Snuffer was untimely, we hold that the trial court properly denied Westbrook's motion. Accordingly, we affirm.
¶8 WE CONCUR: Russell W. Bench, Associate Presiding Judge and Gregory K. Orme, Judge.
NOTES
[1] Since filing its Motion to Disqualify, Westbrook has changed its name to SunCrest, L.L.C.
[2] Westbrook also argues that the trial court erred by failing to determine whether Snuffer was a necessary witness. However, it was not essential that the trial court determine whether Snuffer was a "necessary witness" under rule 3.7 of the Utah Rules of Professional Conduct because, even if it had, the hardship exception would have compelled the same result: Snuffer's disqualification would force undue hardship upon D.J.
[3] When issues of professional discretion arise, the Utah Rules of Professional Conduct call for self-governance. In particular, the rules state,

Violation of a [r]ule should not give rise to a cause of action, nor should it create any presumption that a legal duty has been breached. The [r]ules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the [r]ules can be subverted when they are invoked by opposing parties as procedural weapons.
Utah R. Prof'l Conduct Scope.
[4] At the time the underlying lawsuit was filed, both parties were aware of Snuffer's participation in the settlement agreement. Likewise, the parties were aware of Snuffer's participation from the arguments presented for and against D.J.'s Motion for Summary Judgment. Moreover, even if Westbrook did not believe that Snuffer was a necessary witness until the trial court indicated parole evidence would be taken in regard to the settlement agreement, Westbrook failed to file its Motion to Disqualify until three months later.