[Civ. No. 23766.   First Dist., Div. Four.   Mar. 6, 1967.]

EDWARD J. LORETZ et al., Plaintiffs and Respondents, v. CAL-COAST DEVELOPMENT CORPORATION, Defendant and Appellant.

Wilson, Jones, Morton & Lynch and Robert G. Auwbrey for Defendant and Appellant.

E. C. Mahoney for Plaintiffs and Respondents.

DEVINE, P. J.—This is an appeal from a deficiency judgment which followed the use of the power of sale under a deed of trust.

Defendant executed a promissory note in amount $25,000 as partial consideration for the purchase of a motel in Redding. A deed of trust on a lot at Lake Tahoe was given as security. Because the security was on land other than that being bought, it is not to be deemed purchase money security. The deed of trust recites that it is to secure the $25,000 note and that "It is agreed that the valuation of the property as described above is to be $8,000.00."

The note being wholly unpaid on the due date, plaintiffs caused sale to be made under the deed of trust. The lot was

sold by the trustee for $2,500 on December 4, 1964. On April 15, 1965, plaintiffs brought the present action. Although there was but one note, plaintiffs take the position that the note was unsecured in the amount of $17,000, the excess of the amount of the promissory note over the agreed valuation. Plaintiffs divided their complaint into two counts, the first on the asserted ''unsecured'' part of the note, the second for the difference in amount between the $8,000 agreed valuation and $2,500, the amount received at the trustee's sale. Judgment went against plaintiffs on the second count and they do not appeal.

Appellant raised the defenses: (1) that no deficiency judgment may be had because of section 580d of the Code of Civil Procedure, which reads, in part, ''No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust''; and (2) that the action is barred by section 337, subdivision 1 of the Code of Civil Procedure, which has a three months' limitation for actions for deficiency judgments independently of the bar of section 580d.

■ We hold for appellant. The law allows a holder of a note secured by mortgage with power of sale or deed of trust his choice: he may foreclose, thereby permitting the debtor to have his right of redemption, and have his action for deficiency; or he may use the power of sale and cut off redemption, but he thereby gives up his right to deficiency judgment. (*Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35, 43-44 [27 Cal. Rptr. 873, 378 P.2d 97]; *Freedland* v. *Greco,* 45 Cal.2d 462 [289 P.2d 463]; *Weaver* v. *Bay,* 216 Cal.App.2d 559, 561 [31 Cal.Rptr. 211].)

The attempt by respondents to split the single promissory note into two contracts by the makers, one secured and the other unsecured, cannot succeed. ■ The fact that an agreed valuation of the security, less than the amount of the obligation, is contained in the deed of trust does not cause the transaction to be severed into secured and unsecured parts because: (1) The property is security for the whole amount of the note. Section 2912 of the Civil Code provides that ''The partial performance of an act secured by a lien does not extinguish the lien upon any part of the property subject thereto, even if it is divisible.'' Even if, let us say, $24,000 of the $25,000 note were paid, the land would remain burdened

with its charge as security. ▮ (2) The proscription in section 580d is against judgment for deficiency upon a *note* where sale under power has been used, not upon a *debt*, which, arguably, might be severable into secured and unsecured parts. (3) If agreed valuation were to produce a condition by which the excess of the note over the valuation were deemed unsecured, the situation would be tantamount to waiver in advance of the provisions of section 580d, which cannot be done because of public policy. (*Freedland* v. *Greco*, *supra*, p. 467.)

Respondents argue that the purpose of an agreed valuation must have been to set a point above which the note would be considered unsecured, because, they say, otherwise the agreement upon valuation would have been an idle act. But it is reasonable to regard the purpose as having been to establish value had a deficiency judgment been sought upon foreclosure and not upon sale under the power. ▮ Whether the agreed valuation would have been effectual to accomplish this purpose, we need not decide; it is sufficient to say that the agreed valuation does not, as respondents argue, demonstrate that the single note must be regarded as equivalent to two notes, one secured, the other unsecured.

Respondents cite *Christopherson* v. *Allen*, 190 Cal.App.2d 848 [12 Cal.Rptr. 658], in which section 580b of the Code of Civil Procedure (the statute forbidding deficiency judgments in purchase money security cases) was involved. It was held that because there were 12 secured notes and one unsecured note, which was described by its own terms as representing a personal loan, action on the unsecured note was allowable, although the proceeds of the unsecured note were used to buy the same real property that was encumbered by the deeds of trust which secured the other notes. The distinction between that case and this is obvious. In the case before us, there is a single note which, as said above, is secured up to its last dollar by the real property.

Respondents say that if the decision were in appellant's favor, it would be getting the Redding property for $22,500 less than the agreed price. But the Legislature has set down the law in section 580d. Respondents had the alternative of foreclosing, thus preserving appellant's right to redeem, and proceeding toward deficiency judgment.

▮ We agree with appellant's contention as to the statute of limitations. Even if there were no section 580d, or if it were inapplicable to the case, Code of Civil Procedure section

337, subdivision 1, which was pleaded, would bar the action. In *Ware* v. *Heller*, 63 Cal.App.2d 817 [148 P.2d 410], the three months' limitation created in 1933, as contained in section 337, subdivision 1, was held applicable to a note which was made in 1931. Deficiency judgments were not barred by section 580d where power of sale is used, until 1940. Thus, even if the note were divisible into secured and unsecured parts, the action for deficiency would be barred.

Judgment reversed, with direction to the superior court to enter judgment for defendant.

Rattigan, J., and Christian, J., concurred.