Clair H. ANDERSON, E. Darlene Anderson, his wife, Dirk C. Anderson, and Judy Anderson, his wife, Plaintiffs and Appellants,

v.

AMERICAN SAVINGS AND LOAN, a Utah corporation, Defendant and Respondent.

No. 18178.

Supreme Court of Utah.

Aug. 8, 1983.

Gerald E. Nielson, Salt Lake City, for plaintiffs and appellants.

Richard A. Rappaport, Edwin C. Barnes, Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from a Summary Judgment dismissing plaintiffs' complaint wherein they had sought judgment that their claim to property was superior to that of defendant. The issue concerns record priority on unit 17 of a fourplex housing project, as determined by the sequence of recording entries.

The parties filed a written stipulation of facts based on the depositions of three of the plaintiffs and several affidavits. The facts may be summarized as follows. Plaintiffs purchased from Great West Development Company unit 4 of the aforementioned housing project. The terms of the purchase were $15,000 cash down and a promise to pay $95,000 when the unit was finished. Great West had difficulty in its financing, whereupon Myers, one of the owners of Great West, effected a "buyback" of unit 4 for $52,000 in order to have the clear title necessary to obtain a loan. Great West paid plaintiffs $21,000 down[1] and the plaintiffs deeded the unit back to Great West by special warranty deed. To secure the balance and to cancel out the contingent interest involved, plaintiffs obtained from Great West a trust deed on unit 17. The "buy-back" deed was dated April 30, 1979. It was recorded at 11:01 a.m., May 1, 1979, as Entry No. 3272170, at which time Great West had an unencumbered title to unit 4.

_____

1. The down payment was furnished by defend-    ant.

In finalizing the loan with defendant, Utah Title Company was employed as escrow agent. Its representative was instructed to record the instruments in the sequence shown below, which he did, and to which no one has objected.[2] All were dated April 30, 1979, and were presented and stamped at the Recorder's Office at 11:02 a.m., on May 1, 1979 (one minute after plaintiffs' deed to Great West was recorded). The Entry Numbers reflecting the chronology of recordation thereafter were shown as follows:

(a) Entry No. 3272181—Great West conveyed its interests in the project to Myers, et al., by warranty deed.

(b) Entry No. 3272182—Myers, et al., conveyed their interests in the project to defendant by trust deed.

(c) Entry No. 3272186—Great West conveyed unit 17 to plaintiffs by trust deed.

Thereafter, on May 14, 1979, Myers, et al., recorded a deed to Great West of any interest they retained in the project property.

The trust deed mentioned as (c) above, having to do with unit 17, resolved plaintiffs' claim of purchase money mortgage priority on unit 4. The balance due on the purchase price for unit 4 under the special warranty deed from plaintiffs to Great West was recorded as Entry No. 3272186. This followed the recording of the trust deed securing defendant's loan, Entry No. 3272182.

The authorities generally require that in order to acquire the favored purchase money mortgage status, the subject property must itself be security for the deferred obligation incurred incident to its purchase. This principle succinctly is stated in *Loretz v. Cal-Coast Development Corp.*, 249 Cal. App.2d 176, 57 Cal.Rptr. 188 (1967), where it is said that:

Because the security was on land other than that being bought, it is not to be deemed purchase money security.

▆ Plaintiffs assert that their prior right was contemporary with and therefore

had parity with that of the defendant because of the same "hour-minute" times stamped on the instruments. They say this takes precedence over the official entry numbers.

Under our recording act (footnote 2), priority is given to that document which is recorded before another that asserts the same interest. This is the time-honored method of determining interests in property. One's priority must necessarily be established by the sequence of entry numbers.

▆ On appeal, plaintiffs also contend that Summary Judgment was precluded as to the fourth count in their complaint. That cause was based in tort, alleging negligent construction of the project. Simply by attempting to create an issue of fact themselves, plaintiffs cannot say there was a genuine issue of material fact. Their adversary is the one who must create the fact issue to preclude Summary Judgment relief. In any event, plaintiffs appealed the judgment *in toto* and not by way of intermediate appeal with reservations. Having chosen such course, they cannot claim there was any remaining, unappealed issue to be resolved in the trial court.

Affirmed.

**2.** These instructions were supported by the representative's undisputed affidavit, reflecting defendant's priority under U.C.A., 1953, § 57-3-2.