[No. E020067. Fourth Dist., Div. Two. June 10, 1998.]

CHESTER J. FRANGIPANI et al., Plaintiffs and Respondents, v.
THEODORE J. BOECKER, Defendant and Appellant.

COUNSEL

Reid & Hellyer, Dan G. McKinney and Daniel E. Katz for Defendant and Appellant.

Cantor & Weinshenk and Jon D. Cantor for Plaintiffs and Respondents.

OPINION

GAUT, J.—

### 1. *Basis for Appeal*

The buyer of real property purchased the property subject to an existing purchase money deed of trust. When the purchaser defaulted on the deed of trust payments, the sellers gave the original beneficiary a $10,000 promissory note to cancel the foreclosure in order to protect their own credit. The trial court granted the sellers a judgment against the defaulting purchaser for the amount of the promissory note.

We reverse the judgment because we conclude that the sellers' execution of the promissory note was voluntary and that a judgment reimbursing the sellers for that promissory note would violate antideficiency legislation.

### 2. *Facts*

Chester J. Frangipani and Gertrude I. Frangipani (Frangipanis) owned three parcels of real property, one of which is involved in this appeal. Two trust deeds encumbered the subject property. One of those trust deeds was a junior purchase money trust deed executed by Frangipanis in favor of Frances J. Latimer (Latimer). Theodore J. Boecker (Boecker) wanted to purchase two of the parcels, but not the parcel encumbered by the Latimer trust deed. Frangipanis refused to sell any of the three parcels separately. In order to purchase the two parcels Boecker also agreed to purchase the third parcel. At the purchase, Boecker either assumed or took subject to the Latimer deed of trust.

After he purchased the three parcels, Boecker failed to make the payments on the Latimer trust deed and Latimer began foreclosure. Since Frangipanis were the trustors of the trust deed being foreclosed, they contended that notice of the foreclosure adversely affected their credit and prevented them from obtaining a loan in an unrelated transaction. In order to avoid that

consequence, Frangipanis claimed they had to execute a new, $10,000 promissory note to Latimer in return for Latimer canceling the notice of foreclosure.

In this action Frangipanis sought to recover the $10,000 they delivered to Latimer to prevent the pending foreclosure. The trial court heard the case without a jury and awarded Frangipanis $10,000 on their cause of action for Boecker's breach of his agreement to assume the Latimer note. The trial court denied Frangipanis recovery on the causes of action for specific performance and rescission of the contract. Although the trial court allowed Frangipanis to amend their complaint to conform to proof after they rested by adding additional causes of action for reformation and for equitable indemnity, it did not rule on those causes of action. We therefore do not consider them in this opinion.

### 3. *Contract*

■ The parties disagree on whether Boecker purchased the property in question "subject to" the existing trust deeds or whether he "assumed" the existing trust deeds. They entered a one-half page agreement on May 6, 1994, which provided that Boecker assumed the Latimer debt; they also signed a May 10, 1994, joint escrow instruction which provided that Boecker would purchase the property "subject to" the loan of record. Frangipanis argue that the intent of the sale was for Boecker to assume the Latimer trust deed to ensure that Latimer would be paid and that they would have no liability to Latimer. Frangipanis assert that they had a deal with the financial institution, which was the beneficiary of the first trust deeds on the other two parcels, allowing them to walk away from all three parcels without any liability, and they would not have rejected that deal and sold the property to Boecker absent his agreement to honor their obligation to Latimer.

■ Where there is an inconsistency between two agreements both of which are executed by all of the parties, the later contract supersedes the former. Thus, ". . . the terms of the escrow instructions control to the extent that they are inconsistent with the prior contract." (2 Miller & Starr, Cal. Real Estate (2d ed. 1989) Escrows, § 5:6, p. 408.)

■ In this case there appears to be an inconsistency between the May 6, 1994, memorandum which refers to "assumption" and the May 10, 1994, escrow instruction which refers to "subject to" the existing loans. The escrow instructions were signed by both parties after the May 6, 1994, memorandum and therefore the provisions of the escrow instructions supersede the inconsistent contract provisions.

Although we conclude that Boecker purchased the parcel "subject to" existing loans, we do not believe that the difference between assuming the debt and taking subject to the debt is controlling in this case. Nor do we believe Frangipanis' desire to avoid further liability to Latimer is controlling. Frangipanis had no personal liability to Latimer before the sale to Boecker. Code of Civil Procedure section 580b[1] prohibits a deficiency judgment after the sale of real property under a deed of trust given to the vendor to secure the repayment of the balance of the purchase price. A purchaser buying property encumbered by a prior purchase money deed of trust is also protected by that same section from a deficiency judgment after foreclosure. (*Jackson* v. *Taylor* (1969) 272 Cal.App.2d 1, 5 [76 Cal.Rptr. 891].)

The protection Boecker received from section 580b applied whether or not he assumed payment of the note. (*Weaver* v. *Bay* (1963) 216 Cal.App.2d 559, 561 [31 Cal.Rptr. 211].) Boecker therefore could not be liable for a deficiency judgment after foreclosure of the property, whether he assumed the note secured by the purchase money deed of trust, or took the property subject to the deed of trust. Furthermore, as a matter of public policy, whatever may have been the motivation of Frangipanis, the protection of section 580b could not have been waived by Boecker in advance of any foreclosure. (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 467 [289 P.2d 463].)

### 4. *Sale of Property Not Required to Invoke Section 580b*

Frangipanis argue that section 580b applies only if the subject trust deed is foreclosed, and since the Latimer deed of trust was not foreclosed, section 580b does not prevent their recovery of the $10,000 payment to Latimer.

Frangipanis' theory would render the section 580b protection meaningless. If the deed of trust had been foreclosed by Latimer, he could not proceed against either the Frangipanis or Boecker for a deficiency, assuming there was a deficiency. Latimer could not have avoided that result by the simple expedience of pursuing the Frangipanis or Boecker personally without foreclosing. Since Latimer could not have pursued that course, neither can the Frangipanis.

The principle behind the section 580b protections is to place the risk of inadequate security on the purchase money trust deed beneficiary, thereby forcing the vendor to rely solely on the fair market value of the land for recovery of the sales price and, hopefully discouraging get rich quick land promotions. Section 580b was thus enacted to serve as a stabilizing factor

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

in land sales. (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 601 [125 Cal.Rptr. 557, 542 P.2d 981]; *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 42 [27 Cal.Rptr. 873, 378 P.2d 97].)

 Under Frangipanis' theory, the vendor would never foreclose and would never be concerned that the fair market value of the land was the sole means of recovering the property's sales price. That theory violates the legislative intent of section 580b: "to discourage land sales that are unsound because the land is overvalued and, in the event of a depression in land values, to prevent the aggravation of the downturn that would result if defaulting purchasers lost the land and were burdened with personal liability." (*Bargioni* v. *Hill* (1963) 59 Cal.2d 121, 123 [28 Cal.Rptr. 321, 378 P.2d 593].) Therefore, regardless of whether Boecker assumed the Latimer note and deed of trust, he did not waive the section 580b protection.

We conclude that the trial court's decision awarding Frangipanis damages for breach of Boecker's alleged agreement to honor his assumption of the Latimer promissory note is in the nature of a deficiency judgment and is barred by section 580b.

### 5. *No Evidence of Damages*

The trial court's statement of decision concludes that Boecker assumed the Latimer debt, that he knew or should have known that his failure to pay the Latimer promissory note would adversely affect Frangipanis' credit, and that Frangipanis' delivery of the $10,000 promissory note to cure the adverse effect upon their credit was not voluntary and the Frangipanis are therefore entitled to judgment in that amount.

The court did not specify whether the $10,000 judgment was for the actual damage caused to Frangipanis' credit by the initiation of the foreclosure, or for the cost to prevent damage to Frangipanis' credit caused by Boecker's failure to honor the purchase agreement.

There is no substantial evidence to support a judgment for Frangipanis to reimburse them for damages to their credit. Such an award would be in the nature of a recovery for damages to reputation, which are not recoverable in an action for breach of contract. "[T]he invariable rule [is] pronounced by a legion of cases that damages are not recoverable for mental suffering or injury to reputation resulting from breach of contract (*Fletcher* v. *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 400 . . . ;

*Westwater* v. *Grace Church* (1903) 140 Cal. 339, 342 . . . ; *Walpole* v. *Prefab Mfg. Co.* (1951) 103 Cal.App.2d 472, 489 . . . ; 1 Witkin, Summary of Cal. Law (8th ed.) § 651, pp. 553-554)." (*O'Neil* v. *Spillane* (1975) 45 Cal.App.3d 147, 159 [119 Cal.Rptr. 245].)

■■■ Frangipanis' evidence of damages was insufficient. Frangipanis indicated only that they had sought a loan to purchase a condominium in Palm Springs, that the loan and been refused for reasons left unclear, and that they were charged a higher interest rate to obtain a loan elsewhere. Frangipanis introduced no evidence of the interest rate on the proposed loan, the amount of the proposed loan, the amount of the actual loan, or the interest rate of the actual loan. Furthermore, the evidence indicated that the $10,000 was in the form of an installment promissory note much of which had not even been paid. Finally, Frangipanis' attorney stipulated that the $10,000 recovery sought was not for damage to Frangipanis' credit.

If the judgment was to reimburse Frangipanis for the cost to avoid damage to their credit caused by Boecker's breach of the purchase agreement, there are other problems. There was no testimony as to how Frangipanis concluded $10,000 was the proper measure of damages for Boecker's alleged breach. There was evidence that Frangipanis and Latimer enjoyed a congenial relationship, which may or may not have been the basis for arriving at the figure of $10,000, as opposed to something substantially less. More important, there was no evidence that Boecker's purchase agreement included an obligation to protect Frangipanis' credit. Even if we give Frangipanis' evidence the benefit of the doubt, all they proved was that they wanted the Latimer debt paid and that Boecker agreed to assume it. As we have already decided, neither Frangipanis nor Boecker had a legal obligation to pay any deficiency upon foreclosure of the deed of trust because of the antideficiency provisions of section 580b. Frangipanis' agreement to pay Latimer to rescind the notice of default was therefore a voluntary act for their own benefit.

### 6. *Conclusion*

The ultimate effect of affirming the judgment in this case would be to authorize a deficiency judgment against Boecker. In light of the Legislature's obvious belief that deficiency judgments under these circumstances are unacceptable, we cannot approve a judgment which appears to make inroads upon that social policy.

### 7. *Disposition*

The judgment is reversed. Appellant is to recover his costs.

Hollenhorst, Acting P. J., and Ward, J., concurred.

A petition for a rehearing was denied July 8, 1998.