**Tonya SNOW, on behalf of her minor child, Cynthia Lee Birt, Plaintiff–Appellant,**

v.

**Robert BIRT and Patricia Birt, Defendants–Appellees.**

No. 97CA1232

Colorado Court of Appeals, Div. I.

Oct. 29, 1998.

The Law Offices of William W. Muhr, William W. Muhr, David W. Burford, Colorado Springs, Colorado, for Plaintiff–Appellant.

Retherford, Mullen, Johnson & Bruce, LLC, Lori M. Moore, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge METZGER.

In this personal injury action, plaintiff, Tonya Snow, on behalf of her minor child, Cynthia Lee Birt, appeals the summary judgment entered in favor of defendants, Robert and Patricia Birt. We reverse and remand for further proceedings.

While visiting her father at defendants' residence, Cynthia, who is defendants' granddaughter, sustained injuries from being bitten in the face by a dog. The dog was owned by Cynthia's father (defendants' son) who had been living with defendants for several years. One week before it bit Cynthia, the dog had bitten another child inside defendants' residence. After this first biting incident, hospital or health department officials ordered that the dog be isolated from people for at least seven days. In an effort to comply with this request, defendants purchased and installed a fence in their backyard and kept the dog in that enclosure.

Seven days after the first biting incident, Cynthia was bitten by the dog while playing in defendants' family room. Defendant Patricia Birt was present in the family room at the time of the biting. There is conflicting evidence whether Cynthia's father was also in the family room at the time.

Cynthia's mother filed a complaint on Cynthia's behalf alleging liability under theories of general negligence and negligence *per se* based on the alleged violation of a Colorado Springs municipal ordinance. The complaint also requested exemplary damages. Defendants moved for summary judgment, asserting that they owed no legal duty to Cynthia and that any such duty was owed by Cynthia's father, the dog's owner and keeper.

In granting defendants' motion, the trial court stated as follows:

The Court finds that [Cynthia's father] was the owner of the dog in question and was present at the incident of biting. The fact that the Defendants allowed [Cynthia's father] and the dog to live in the house does not create a legal duty to [Cynthia] who was visiting [her father] at the time of the incident.

Plaintiff contends the trial court erred in granting summary judgment in favor of defendants on the issue of legal duty. We agree.

■ In order to establish a claim for negligence, a plaintiff must show that defendants owed a legal duty. That duty may arise from a legislative enactment or from the common law. *Board of County Commis-*sioners v. Moreland, 764 P.2d 812 (Colo. 1988). Whether a particular defendant owes a legal duty to a particular plaintiff is a question of law for a court to resolve. *Greenberg v. Perkins*, 845 P.2d 530 (Colo. 1993).

Initially, we note the parties have stipulated that Colorado Springs Municipal Ordinances 11–1–102 and 11–1–108(A) apply in this action. However, the parties disagree whether the language of those ordinances imposes a duty upon defendants under the facts of this case.

Colorado Springs Municipal Ordinance 11–1–108(A) (Dangerous Animals) provides, in relevant part:

It shall be the duty of every *owner or keeper* of any animal in their possession or control, to exercise reasonable care and to take all necessary steps and precautions to protect other people ... from injuries or damage which might result from their animal's behavior. (emphasis added)

Colorado Springs Municipal Ordinance 11–1–102 defines "owner or keeper" to include:

any person ... possessing, harboring, keeping, having an interest in, or having control or custody, either permanently or temporarily, of an animal.

A "keeper" is one who "keeps something (as by watching over, guarding, maintaining, supporting, restraining)" *Webster's Third New International Dictionary* 1236 (1986). "Harbor" means "to give shelter or refuge to," "to keep possession of," or "to be the home or habitat of." *Webster's Third New International Dictionary* 1031 (1986).

Here, it is undisputed that during the entire time Cynthia's father owned the dog, it lived exclusively at defendants' residence with defendants' full permission. Defendants allowed the dog to be both outside in their yard and inside their house. Thus, although Cynthia's father owned the dog, the undisputed evidence establishes that defendants were harborers and/or keepers of the dog, and that the dog was in their control or custody.

■ Based upon these undisputed facts, we conclude that the municipal ordinances

imposed a duty of care upon defendants to exercise reasonable care and to take all necessary precautions to protect Cynthia from being injured by the dog. Thus, the entry of summary judgment in favor of defendants on this claim cannot stand.

In addition to the duty imposed under the municipal ordinances, we further conclude that defendants owed plaintiff a common law duty of care.

 In determining whether the law imposes a duty on a defendant, relevant factors include: (1) the risk involved; (2) the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct; (3) the magnitude of the burden of guarding against injury or harm; and (4) the consequences of placing the burden upon the actor. *Bath Excavating & Construction Co. v. Wills,* 847 P.2d 1141 (Colo.1993). The question is essentially one of fairness under contemporary standards, that is, whether reasonable persons would recognize and agree that a duty of care exists. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987).

The imposition of a legal duty upon defendants is consistent with common law rules of negligence in this area. Historically, a duty to protect third persons from injury caused by an animal has not been limited solely to the owner of the animal. Courts have extended this duty to persons who "keep" "possess" or "harbor" the animal. *See* Restatement (Second) of Torts §514 (1977); 7 S. Speiser, C. Krause & A. Gans, *American Law of Torts* § 21:43 (1990).

It appears that Colorado has followed the common law rule of extending a legal duty to persons other than owners of an animal. *See Dubois v. Myers,* 684 P.2d 940 (Colo.App. 1984) (stating elements plaintiff must prove to recover against "person who owns or keeps" a domestic animal that inflicts injury); *Hornbein v. Blanchard,* 4 Colo.App. 92, 35 P. 187 (1893) (defendants who kept dog at their house could be liable "regardless of ownership"); *CJI–Civ.3d* 13:1 (1988) (setting forth standard of care for "owner or keeper" of domestic animals that cause injuries or damages to others); see also *Vigil ex rel. Vigil v. Payne,* 725 P.2d 1155 (Colo.App.1986) (landlord with actual knowledge that tenant owns vicious animal has a duty to take reasonable precautions to protect third persons from the animal).

Courts often define a "keeper" of an animal as someone who exercises some measure of care, custody, or control over the animal, while a "harborer" of an animal is generally defined as one giving the animal shelter or refuge. *See Pattermann v. Pattermann,* 173 Wis.2d 143, 496 N.W.2d 613 (Wis.App.1992); see also J. Lundington, Annotation, *Who "Harbors" or "Keeps" Dog Under Animal Liability Statute,* 64 A.L.R.4th 963 (1988).

 Here, in light of the undisputed facts concerning defendants' relationship to the dog, we conclude that defendants owed a common law duty of care to protect guests in their home from the dog.

The summary judgment is reversed and the cause is remanded for further proceedings.

Judge PLANK and Judge ROTHENBERG concur.