**2015 UT App 205**

## THE UTAH COURT OF APPEALS

CITIMORTGAGE, INC.,
Plaintiff and Appellee,
*v.*
TERRY STEPHENSON AND NORMA TIPTON,
Defendants and Appellants.

Opinion
No. 20110771-CA
Filed August 13, 2015

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 100403817

Andrew M. Wadsworth, Attorney for Appellant
Terry Stephenson

Ronald G. Russell and Rodger M. Burge, Attorneys
for Appellant Norma Tipton

Bryce D. Panzer, Attorney for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

VOROS, Judge:

¶1     This case involves the proper interpretation of an order of
the district court: did the court merely set aside a prior judgment
and return the parties to the status quo ante, or did it also
adjudicate their respective rights? In denying a post-judgment
motion, the district court maintained that it intended to resolve
the merits of the dispute. We agree and affirm.

BACKGROUND

¶2     In 1997, Eugene and Mavis Stephenson created the Stephenson Family Trust (the Trust) and named Eugene as the trustee.[1] They transferred to Eugene, as trustee, certain real property (the Property).

¶3     In 2005, a doctor opined that Eugene and Mavis were "so confused or detached from reality that they are not capable of properly taking the medications prescribed for them." On November 28, 2006, another doctor provided Eugene and Mavis's grandson, John Stephenson, a "Professional Opinion Letter" stating that Eugene suffered from dementia, was "unable to give informed consent for" his medical care, and "would benefit by having a legal guardian." On December 6, 2006, John filed a petition in probate court that sought his appointment as legal guardian of Eugene and Mavis; this petition was granted on January 5, 2007. Mavis died the following month.

¶4     However, in the eight-day window between John's receiving the doctor's opinion letter and filing the guardianship petition, Eugene executed a warranty deed (the Warranty Deed) transferring the Property from Eugene, as trustee, to John. After the petition was granted, John refinanced the mortgage on the Property. The new loan was secured by a trust deed against the Property (the Trust Deed) in favor of First Colony Mortgage Company. The Trust Deed was assigned to CitiMortgage Inc. in 2010 and forms the basis for CitiMortgage's claimed interest.

¶5     In 2009 the probate court named Eugene and Mavis's son, Terry Stephenson, as successor trustee of the Trust. Terry filed a motion seeking to revoke the appointment of John as guardian

---

1. Because several individuals involved in this case share the same last name, we generally refer to them by their first names.

and to invalidate the Warranty Deed that transferred the Property from Eugene, as trustee, to John. The next day, Terry recorded a Notice of Lis Pendens on the Property but did not otherwise notify CitiMortgage. The same day, Eugene died, rendering the guardianship issue moot.

¶6    On December 17, 2009, the probate court ruled that the Warranty Deed was void ab initio because Eugene had not been competent to sign it. Six months later, the probate court issued an order invalidating the Trust Deed pursuant to a motion by Terry. The probate court reasoned that because the Warranty Deed conveying the Property to John was void ab initio, the Trust Deed executed by John was also void. The probate court deeded the Property to Terry, as trustee of the Trust, by judicial deed.

¶7    Terry executed a trust deed against the Property in favor of Norma Tipton, as trustee of the Tipton Family Trust. We refer collectively to Terry, the trustee of the Trust, and Norma Tipton, the trustee of the Tipton Family Trust, as Defendants.

¶8    CitiMortgage then filed this suit in the district court, arguing that its predecessor-in-interest was a necessary party to the probate proceedings. CitiMortgage sought a declaration that the Trust Deed constituted a valid encumbrance on the Property, prior and superior to the interests of Defendants. Defendants responded that CitiMortgage's predecessor-in-interest was not a necessary party, because the core issue in the probate proceeding was whether the Warranty Deed's transfer from Eugene to John was invalid due to Eugene's incompetence.

¶9    The district court granted summary judgment in favor of CitiMortgage. It ruled that "[b]ecause [CitiMortgage] was not a party to the probate proceeding[,] it is not bound by any orders of the [probate] court issued in that case. In short, [CitiMortgage's] interest in the property remains unaffected."

The district court's ruling also instructed CitiMortgage to "submit an order consistent with this ruling within 10 days."

¶10   The proposed order stated "that the . . . Trust Deed is a valid and enforceable encumbrance on the Property *with priority over the interests of the Defendants*, and that the . . . Trust Deed is not affected by the orders entered in the Probate Proceeding." (Emphasis added.) Defendants' counsel approved the order as to form, and the district court signed it. Defendants appealed this order.

¶11   Defendants also filed a rule 60(b) motion challenging the order. *See* Utah R. Civ. P. 60(b). Their motion argued that the order as proposed, approved, and entered went too far—that because the only question before the court was the enforceability of the order of the probate court invalidating the Trust Deed, the district court erred by not only setting aside that order but also by adjudicating the priority of the Trust Deed. In light of the notice of appeal, the district court did not rule on the rule 60(b) motion. However, we stayed the appeal and remanded the case to give the district court the opportunity to rule on the motion.

¶12   On remand, the district court ruled that its earlier order was "clear and unambiguous" and focused on "the effect and import of the Probate Court Orders." Defendants filed a second notice of appeal from the district court's order disposing of the rule 60(b) motion. We consolidated the appeals.

ISSUES AND STANDARD OF REVIEW

¶13   Defendants contend that the district court erred by failing to rule that CitiMortgage's claims were barred by res judicata. Defendants also contend that the order signed by the district court is ambiguous as to whether it adjudicates the priority of CitiMortgage's interest in the Property. "An appellate court reviews a trial court's legal conclusions and ultimate grant or

denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).


ANALYSIS

I. Res Judicata

¶14   Defendants contend that the district court "erred in finding that [CitiMortgage] was not bound by the Orders of the Probate Court[,] because claim preclusion and issue preclusion can act to bar a party from asserting claims or issues that have been fully litigated in prior proceedings."

¶15   "Res judicata embraces two distinct doctrines: claim preclusion and issue preclusion." *Conder v. Hunt*, 2000 UT App 105, ¶ 9, 1 P.3d 558 (citing *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988)). Claim preclusion, the branch of res judicata relied upon by Defendants here, "operates as a complete bar to a second action based on a claim that was (or could have been) raised in a prior action." *Id.* Claim preclusion and issue preclusion share a common requirement that the party to be bound was either a party to or in privity with a party to the earlier proceeding. *See Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶¶ 21, 23, 285 P.3d 1157. "The legal definition of a person in privity with another, is a person so identified in interest with another that he represents the same legal right." *Searle Bros. v. Searle*, 588 P.2d 689, 691 (Utah 1978); *see also Hansen v. Bank of N.Y. Mellon*, 2013 UT App 132, ¶¶ 7, 10, 303 P.3d 1025.

¶16   Here, Defendants assert that John was in privity with CitiMortgage "because of their mutual and/or successive alleged rights to property." CitiMortgage responds that this issue is

unpreserved and that, in any event, CitiMortgage was not in privity with John.

¶17    We first consider preservation. CitiMortgage asserts that Defendants argued below only that CitiMortgage was not a necessary party to the probate proceeding, but never argued that CitiMortgage was in privity with John and thus bound even if it was a necessary party. Defendants respond, "While these arguments may not have been as clearly set out as might be hoped, evidence on all necessary elements [was] before the District Court." We agree with CitiMortgage that the issue of res judicata was not preserved below.

¶18    It is well settled that "claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. To preserve an issue for appeal, a defendant "must enter an objection on the record that is both timely and specific." *State v. Rangel*, 866 P.2d 607, 611 (Utah Ct. App. 1993). "The objection must be specific enough to give the trial court notice of the very error of which [the party] complains." *State v. Bryant*, 965 P.2d 539, 546 (Utah Ct. App. 1998) (citation and internal quotation marks omitted). Thus, to be preserved for appeal, an issue "must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted).

¶19    Having reviewed the arguments presented to the district court, we conclude that Defendants did not give the court the opportunity to rule on res judicata in general or privity in particular. The gist of Defendants' claim was that CitiMortgage was "not a necessary or interested party in the probate proceeding." In support of this claim, they argued that CitiMortgage "had no interest in the subject of the Probate Proceeding" and indeed had "no standing or ability to contest the competence evaluation of Eugene Stephenson and had no

ability under the law to avoid the resulting invalidation of the CitiMortgage lien."

¶20 Defendants' district-court claim that CitiMortgage had no interest in the subject of the probate proceeding would not have alerted the district court to Defendants' appellate claim that CitiMortgage not only had an interest in the subject of the probate proceeding, but that its interest was identical to John's interest, the validity of which was the central issue in the proceeding. Unsurprisingly, the district court did not discuss or rule on privity or res judicata. In sum, Defendants' claim was not preserved in the district court and thus is not properly before us on appeal. We reject it on that ground.[2]

---

2. In any event, Defendants have not carried their burden of demonstrating that John was so identified in interest with CitiMortgage as to represent the same legal right. *See Searle Bros. v. Searle*, 588 P.2d 689, 691 (Utah 1978). The probate court first determined that Eugene's incompetency rendered the Warranty Deed—conveying the Property from the Trust to John—void ab initio. Six months later, the probate court addressed the question of whether the Trust Deed was invalid as a consequence of the Warranty Deed determination. Even if John's interest and CitiMortgage's interest coincided for the first determination, they certainly did not for the second: John had no interest in defending the validity of the Trust Deed. Moreover, Defendants have not persuasively distinguished Utah cases holding that a mortgagor and mortgagee are not in privity. *See Bennion Ins. Co. v. 1st OK Corp.*, 571 P.2d 1339, 1340–41 (Utah 1977) (holding that prior judgment rescinding deed to mortgagor did not bind mortgagee in later foreclosure action); *Conder v. Hunt*, 2000 UT App 105, ¶ 10 n.8, 1 P.3d 558 (holding that mortgagor's interests were not so closely identified with those of mortgagee in a prior collection action as to put them in privity); *see also* 50 C.J.S.

(continued…)

## II. Priority

¶21   Defendants contend that the district court's order either did not resolve the question of priority or resolved the question improperly.

A.   The District Court's Order Is Unambiguous.

¶22   First, Defendants contend that the district court's order is ambiguous "because it is subject to two plausible constructions on its face."

¶23   "[T]he language in the court's final written order controls, and we will presume the order is correct unless affirmatively shown otherwise." *Evans v. State*, 963 P.2d 177, 180 (Utah 1998) (holding that the final written order controlled where a discrepancy existed between that order and the language used by the court at the hearing); *see also M.F. v. J.F.*, 2013 UT App 247, ¶ 6, 312 P.3d 946 (same). But where an order is subject to two or more plausible constructions, the ambiguity "is corrected by adopting the construction 'which will make the judgment more reasonable, effective, conclusive, and . . . which brings the judgment into harmony with the facts and the law.'" *Progressive Acquisition, Inc. v. Lytle*, 806 P.2d 239, 243 (Utah Ct. App. 1991) (quoting *Moon Lake Water Users Ass'n v. Hanson*, 535 P.2d 1262, 1264 (Utah 1975)).

¶24   We therefore consider the relevant portion of the district court's final written order:

---

(…continued)

*Judgments* § 1148 (2009) ("A judgment in an action against a mortgagor is not binding on the mortgagee unless he or she was made a party to the action, or actively participated in the litigation, or the judgment was rendered prior to the execution of the mortgage.").

> 4. The Court having ruled that Plaintiff's interest in the Property was not affected by certain orders entered [in the Probate Proceeding], on the ground that Plaintiff was not a party to the Probate Proceeding, the Court grants judgment in favor of Plaintiff CitiMortgage, Inc., that the [Trust Deed] is a valid and enforceable encumbrance on the Property with priority over the interests of the Defendants, and that the [Trust Deed] is not affected by the orders entered in the Probate Proceeding . . . .
>
> . . . .
>
> 5. . . . The Court grants judgment to Plaintiff CitiMortgage, Inc., that the [Trust Deed in favor of CitiMortgage] has priority over the [Trust Deed in favor of the Tipton Family Trust] with respect to the Property.

Defendants' counsel did not object to any portion of the written order and approved it as to form. And in ruling on Defendants' rule 60(b) motion, the district court stated that the order "is clear and unambiguous, and no further clarification of the Order is appropriate."

¶25 Defendants now argue that the written order is "ambiguous because it is subject to two plausible constructions." According to Defendants, the language of the order may be read either as a final adjudication on the priority of the parties' interests or as "returning the parties to the status quo prior to the [probate court's orders], without adjudicating the competency and validity issues." We do not agree.

¶26 The written order explicitly states that "the CitiMortgage Trust Deed is a valid and enforceable encumbrance on the

Property *with priority over the interests of the Defendants.*" (Emphasis added.)[3] We do not discern any ambiguity in the plain language of the order, nor do we detect any indication that the district court intended this portion of the order to be anything but a final adjudication on priority.

B.      The District Court Properly Adjudicated Priority.

¶27    Defendants next argue that if—as we have concluded—the district court determined the relative priority of the parties' interests, the court erred. Specifically, they argue that (1) "the question of priority is not addressed at all in the District Court's analysis in the Written Ruling," (2) "no findings of fact or conclusions of law . . . support an interpretation" that the district court adjudicated the priority of the parties' interests, and (3) Defendants were "not required to file a counterclaim to invalidate the Trust Deed in order to oppose Citi[Mortgage]'s claim for declaratory relief regarding the issue of priority."

¶28    The priority question was squarely presented to the district court. The complaint alleged that CitiMortgage was not bound by the probate court's orders and that CitiMortgage's trust deed enjoyed priority because it was recorded earlier than the other deeds at issue. In its motion for summary judgment, CitiMortgage asserted that its trust deed had priority over the Tipton trust deed based on the order of recording. It relied on the principle that "priority is given to that document which is recorded before another that asserts the same interest." *Anderson v. American Sav. & Loan*, 668 P.2d 1253, 1254 (Utah 1983) (per

---

3. The order also "grants judgment to Plaintiff CitiMortgage, Inc., that the [Trust Deed in favor of CitiMortgage] has priority over the [Trust Deed in favor of the Tipton Family Trust] with respect to the Property."

curiam).[4] The motion attached copies of the Trust Deed, recorded in 2007, and the Tipton trust deed, recorded in 2010.[5]

¶29    Defendants did not dispute these facts. They argued rather that "it is inconsequential whether the CitiMortgage lien was recorded prior to the Norma Tipton interest where the CitiMortgage Trust Deed is invalid *nunc pro tunc*" based on the orders of the probate court. They asserted that if the district court were to vacate the orders of the probate court, "a genuine issue of material fact exists as to the findings of the probate court as they pertain [to] the CitiMortgage [trust deed], and a factual determination of rights is necessary, thereby precluding summary judgment." However, Defendants did not submit any affidavit, deposition testimony, or prior in-court testimony challenging the Warranty Deed from Eugene Stephenson to John Stephenson or contesting Eugene Stephenson's competency.

¶30    Accordingly, at the hearing on the motion, counsel for CitiMortgage stated, "Since there is no claim in this proceeding that the trust deed should be avoided, or that the Warranty Deed

---

4. In *Utah Farm Production Credit Ass'n v. Wasatch Bank of Pleasant Grove*, 734 P.2d 904 (Utah 1986), our supreme court disavowed as incomplete the language that CitiMortgage relies on from *Anderson v. American Savings & Loan*, 668 P.2d 1253 (Utah 1983). The court stated, "Our recording act is a race-notice statute which requires lack of actual notice *or* of prior recording for a subsequent purchaser to prevail in multiple conveyances of the same land." *Utah Farm Prod. Credit Ass'n*, 734 P.2d at 906 n.2. Actual notice is not at issue in this case.

5. We note that recordation of a document creates the presumption that "the person executing the document was neither incompetent nor a minor at any relevant time." Utah Code Ann. § 57-4a-4(1)(c) (LexisNexis 2010).

[from] Eugene Stephenson was invalid as against CitiMortgage, then we are further entitled to an order stating that we have priority over the Tipton trust deed which came well after the fact." Defendants' counsel responded that Eugene Stephenson "was declared by [the probate court] to be incompetent."

¶31    With the dispute thus framed, the district court ruled (1) that the orders of the probate court were unenforceable against CitiMortgage, (2) that the Trust Deed was "a valid and enforceable encumbrance on the Property," and (3) that the Trust Deed enjoyed "priority over the Tipton Trust Deed." On remand, in denying Defendants' rule 60(b) motion, the district court further clarified its ruling. It explained that the dispute before it centered on the effect of the probate court's orders: "no party raised any legal or factual dispute with respect to the effect of recording," nor did the filings before the court "raise the issue of incompetency of Eugene Stephenson"; accordingly, the district court had no occasion to rule on that issue.

¶32    In light of this record, we cannot agree with Defendants that "the question of priority is not addressed at all in the District Court's analysis in the Written Ruling." Furthermore, while Defendants are technically correct that the district court entered no findings of fact in support of its ruling on priority, none were required: "[B]y definition, cases decided on summary judgment do not resolve factual disputes." *Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1111 (Utah 1991). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c).

¶33    We agree with Defendants that they were not required to "file a counterclaim to invalidate the [Trust Deed] in order to oppose Citi[Mortgage]'s claim for declaratory relief regarding

the issue of priority." But where, as here, a motion for summary judgment is supported by evidence, "an adverse party may not rest upon the mere allegations or denials of the pleadings," but "must set forth specific facts showing that there is a genuine issue for trial. Summary judgment, if appropriate, shall be entered against a party failing to file such a response." *Id.* R. 56(e). Accordingly, Defendants were required to set forth specific facts showing that a genuine issue of material fact existed as to the validity of the Trust Deed. While the vacated probate court orders might have made the existence of such an issue seem obvious, those orders were unenforceable as to CitiMortgage. And under rule 56, the court was required to determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show a genuine issue of material fact. *Id.* R. 56(c). Plainly they did not.

¶34     In sum, we conclude that the district court properly and unambiguously adjudicated the relative priority of the parties' trust deeds on summary judgment. No factual findings were required.

## CONCLUSION

¶35     The district court correctly ruled that CitiMortgage was not bound by the probate court orders. The district court also correctly adjudicated the issue of priority.

¶36     Affirmed.

_____